421 A.2d 845

**COMMONWEALTH of Pennsylvania**

**v.**

**Herbert JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Sept. 19, 1980.

524

---

John H. Corbett, Jr., Assistant Public Defender, Pittsburgh, for appellee.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence imposed after a jury convicted appellant of attempt[1] and possession of an instrument of crime,[2] and the lower court convicted him of the summary offense of criminal mischief.[3] Appellant argues 1) that he was improperly convicted of both attempt and possession of an instrument of crime; 2) that the lower court should have instructed the jury on criminal mischief because under the facts of this case it was a lesser offense included in the greater offense of attempt; and 3) that if we conclude that this second argument has been waived because not properly raised before the lower court, we should remand the case to the lower court to determine whether trial counsel was ineffective.

 The Commonwealth properly concedes the correctness of appellant's first argument. Appellant was convicted of attempted burglary and possession of an instrument of crime because he tried to break into a restaurant by banging

1. 18 Pa.C.S.A. § 901 (Purdon's 1973).

2. 18 Pa.C.S.A. § 907 (Purdon's 1973).

3. 18 Pa.C.S.A. § 3304 (Purdon's 1973).

on the door with a hammer.[4] Section 906 of the Crimes Code[5] states that a defendant should not be convicted of more than one inchoate crime for conduct designed to end in the same ultimate crime. Accordingly, appellant should not have been sentenced for both attempt and possession of an instrument of crime, but only for one or the other. We shall therefore vacate the judgments of sentence for attempt and possession of an instrument of crime and remand the case to the lower court so that it may resentence appellant for either attempt or possession of an instrument of crime. *Commonwealth v. Jackson*, 261 Pa.Super. 355, 396 A.2d 436 (1978); *Commonwealth v. Crocker*, 256 Pa.Super. 63, 389 A.2d 601 (1978).

It is clear that appellant's trial counsel waived appellant's second argument.[6] We must therefore remand

---

4. In *Commonwealth v. Rios*, 246 Pa.Super. 479, 371 A.2d 937 (1977), this court held that a hammer used in an assault was not an instrument of crime because it was "not reshaped or specially constructed to inflict bodily injury," nor was it "so commonly used in the commission of crimes, that the legislature intended to prohibit [its] possession." Thus appellant might have argued below and before us that the evidence of his possession of a hammer was insufficient to support his conviction for possession of an instrument of crime. However, since appellant did not so argue, he may be resentenced either for possession of an instrument of crime or attempt, depending on what the lower court decides.

It may be noted parenthetically that while a sufficiency of the evidence claim will be held waived if it was not properly raised in the lower court, this is not so of a Section 906 claim, because an improper conviction of two inchoate crimes renders the resulting sentence illegal. Thus, *the Commonwealth concedes* that appellant's failure to raise his Section 906 claim in the lower court does not preclude his raising the claim before us.

5. 18 Pa.C.S.A. § 906 (Purdon's 1973).

6. After the court charged the jury, it asked counsel whether there were any additions to the charge that should be made. Appellant's trial counsel stated that he "had nothing." N.T. 102 (February 14, 1979). He made no mention of appellant's present claim that the court should have charged the jury on criminal mischief. Nor did appellant's trial counsel make that claim in his post–verdict motions or argument. Because appellant's counsel failed to raise the jury charge issue either at trial or on post–verdict motions, we cannot consider it now. *Commonwealth v. Blair*, 460 Pa. 231, 332 A.2d 441 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

this case to the lower court for the appointment of new counsel and a hearing on appellant's ineffectiveness claim. Appellant's present counsel is from the same office as his trial counsel, the Pittsburgh Public Defender's office. In *Commonwealth v. Boyer*, 277 Pa.Super. 82, 419 A.2d 671 (1980), we stated:

> When an appellant raising the ineffectiveness of trial counsel is represented by appointed counsel from the same office that represented him at trial, the proper procedure is to remand for the appointment of new counsel not associated with trial counsel. *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976) (SPAETH, J. concurring opinion). Appellant may, however, choose to retain his counsel provided he is made aware of the dangers and possible disadvantages of proceeding with counsel whom he asserts is ineffective. Therefore, on remand, the court should inform appellant of the facts necessary to ensure that his decision is an intelligent one, voluntarily made. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Roach*, 268 Pa.Super. 340, 408 A.2d 495 (1979).

Judgments of sentence vacated and case remanded for proceedings consistent with this opinion. Upon entry of new judgment or order granting a new trial, as the case may be, either party may file a new appeal, as provided by law.