435 A.2d 189

**COMMONWEALTH of Pennsylvania,**

**v.**

**Walter WELCH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 2, 1981.

Filed July 2, 1981.

Reargument Denied Oct. 15, 1981.

2

Charles P. Mirarchi, III, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

CERCONE, President Judge:

This is a direct appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County on September 11, 1979. According to the factual posture of the case, at 2:30 p. m. on December 4, 1978, appellant pierced the throat of Harry Parness with an ice pick and robbed him. At the time of the incident, Mr. Parnell was managing a parking garage at 2031 Lombard Street in the City of Philadelphia. Following a non-jury trial, appellant was convicted of possession of an instrument of a crime,[1] robbery[2] and simple assault.[3] Post verdict

1. 18 Pa.C.S.A. § 907(a) (1973).

2. 18 Pa.C.S.A. § 3701 (1973).

3. 18 Pa.C.S.A. § 2701 (1973).

motions were denied and appellant was sentenced to concurrent prison terms of one to three years on each count.

Appellant's allegation that the crimes of robbery and simple assault merge and that the lower court erred in convicting him of both crimes is waived because of appellant's failure to raise it before the court below. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1975); *Commonwealth v. Guenzer*, 255 Pa.Super. 587, 592, 389 A.2d 133, 135 136 (1978). However, illegality of sentence is not a waivable issue, *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Guenzer, supra,* and appellant's failure to raise this issue does not preclude our present consideration of it. *Commonwealth v. Usher*, 246 Pa.Super. 602, 371 A.2d 995 (1977).

*Commonwealth ex rel. Moszczynski v. Ashc*, 343 Pa. 102, 21 A.2d 920 (1941) set forth the standard test for merger of offenses. Therein the Pennsylvania Supreme Court wrote:

> The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another, as for example, rape involves fornication, and robbery involves both assault and larceny.

*Id.*, 343 Pa. at 104, 105, 21 A.2d at 921 (emphasis in original). A reading of the above test indicates that a conviction for simple assault merges[4] with a conviction for robbery[5] for

**4.** Simple assault is defined as: A person guilty of assault if he:
(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
(2) negligently causes bodily injury to another with a deadly weapon; or
(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

**5.** Robbery is defined as: (1) a person is guilty of robbery if, in the course of committing a theft, he:
(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

4

purposes of sentencing. After the crime of robbery was established no additional facts were necessary to prove simple assault. *See also Commonwealth v. Guenzer, supra,* and *Commonwealth v. White,* 250 Pa.Super. 647, 379 A.2d 617 (1977) conviction for simple assault merges with a robbery conviction under 18 Pa.C.S.A. § 3701(a)(1)(ii).

Accordingly, the judgment of sentence for simple assault is vacated, and the case is remanded to the lower court for resentencing on the robbery conviction.[6]

(iii) commits or threatens immediately to commit any felony of the first or second degree.

(2) An act shall be deemed "in the court of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

6. *See Commonwealth v. Lezinsky,* 264 Pa.Super. 476, 400 A.2d 184 (1979); *Commonwealth v. Bailey,* 250 Pa.Super. 402, 378 A.2d 998 (1977); *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).