434 A.2d 827

**COMMONWEALTH of Pennsylvania**

v.

**Sandor TURNER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1981.

Filed Sept. 18, 1981.

Marc Alan Krefetz, Philadelphia, for appellant.

Eric I. B. Beller, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

POPOVICH, Judge:

Following a non-jury trial, appellant, Sandor Turner, was convicted of attempted burglary,[1] and possessing instruments of crime.[2] Post-verdict motions were denied and appellant was sentenced to serve a term of imprisonment of one to five years for attempted burglary and three years probation for possessing instruments of crime, the sentences to run concurrently.

In this direct appeal appellant argues that (1) the evidence was insufficient to sustain a conviction for attempted burglary; (2) trial counsel was ineffective for failing to object to appellant's improper conviction of both attempted burglary and possessing instruments of crime; and (3) because of his failure to obtain a continuance, thus preventing appellant from securing the presence of a defense witness.

1. 18 Pa. C.S.A §§ 901(a), 3502(a) (1973).

2. *Id.* § 907(a).

We affirm the judgment of sentence for attempted burglary; and vacate judgment of sentence for possessing instruments of crime.

Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, *see Commonwealth v. Stanley,* 453 Pa. 467, 309 A.2d 408 (1973), the following facts were established at trial:

At approximately 3:00 on the afternoon of May 18, 1978, a city detective observed appellant walking down Warnock Street, in the City of Philadelphia. Appellant stopped in front of a residence, looked in both directions, stepped onto the porch, and proceeded to the front door. After ringing the doorbell, knocking twice, and looking under the curtains of the front door window, appellant returned to the street and again looked in both directions. He then returned to the front door and, with "a screwdriver, or an instrument that appeared to be a screwdriver," began prying at the door while butting it with his shoulder. (N.T. 11/28/78, p. 5–8) Appellant walked to the street a second time, looked in both directions, returned to the front door, and resumed his activities. When police sirens could be heard approaching the vicinity, appellant abandoned his endeavors and proceeded to a nearby alley. The detective followed appellant to the alley and heard the sound of metal objects dropping. A police officer who also was observing appellant testified that he retrieved two screwdrivers and a hammer from the alley immediately after appellant's exit. Both the detective and complainant testified that they found fresh pry marks in the area of the door lock. The complainant further testified that appellant had not been given permission to enter her home.

■ Appellant first argues that the evidence was insufficient to sustain his conviction for attempted burglary. The Crimes Code provides, in pertinent part, that "[a] person is guilty of burglary if he enters a building . . . with intent to commit a crime therein." 18 Pa. C.S.A. § 3502(a). An attempt is committed when "with intent to commit a specific crime, [a person] does any act which constitutes a substantial

step toward the commission of that crime." *Id.* § 901(a). The Commonwealth's information charged appellant with attempted burglary with the intent to commit theft. When the information specifies theft as the crime which appellant intended to commit once inside the premises, proof of two distinct intents on the part of appellant are necessary. The Commonwealth must establish the intent to enter the house and the intent to commit theft after entry. *Commonwealth v. Morgan,* 265 Pa.Super. 225, 401 A.2d 1182 (1979); *Commonwealth v. Madison,* 263 Pa.Super. 206, 397 A.2d 818 (1979).

Appellant argues that because the detective failed to testify as to *damage to the lock itself,*[3] the evidence was insufficient to establish the requisite intent to enter the building. Specifically, appellant contends that had he "intended to enter the premises, he would have had to tamper with the lock or break it off the door." Brief for Appellant at 10. The evidence of fresh pry marks, appellant argues, is sufficient only to support an inference that he intentionally tried to damage the door and, therefore, could be charged with a crime no greater than criminal mischief.[4] We disagree. It is a well-known principle that specific intent to commit a crime "may be found in [appellant's] conduct, or from the attendant circumstances together with all reasonable inferences therefrom." *Commonwealth v. Tingle,* 275, Pa.Super. 489, 495, 419 A.2d 6, 9 (1980). In the instant case, we have the testimony of a city detective who observed appellant attempting to pry open the front door of the house. The fresh pry marks on the door, appellant's periodic checks to ensure that his conduct was unobserved, and his

3. Appellant relies on the following direct testimony to support his contention:
   BY MR. MICHELMAN:
   Q. Did you notice anything about the lock itself?
   A. I did not notice anything about the lock itself, no, sir. (N.T. 11/28/78, p. 12).
   We find appellant has erroneously relied on the above testimony, especially in light of the witness's statement that: "There were fresh pry marks on the door." (N.T. 11/28/78, p. 11).

4. 18 Pa. C.S.A. § 3304 (1973).

abandonment of his endeavors when police sirens were heard in the vicinity, all support the inference that appellant intended to effectuate an unauthorized entry into the house. We note that any one of the foregoing findings, viewed as an isolated occurrence, would be insufficient to sustain a conviction. *See Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976) (flight from scene of crime insufficient evidence to sustain a conviction); *Commonwealth v. Stanley,* 453 Pa. 467, 309 A.2d 408 (1973) (lack of evidence connecting appellant with damaged screen precludes conviction for attempted burglary); *Commonwealth v. Beauford,* 286 Pa.Super. 297, 428 A.2d 1000 (1981) (mere presence at scene of crime presents insufficient evidence to sustain a guilty verdict). Nevertheless, we find that *the totality of the above circumstances* enabled the fact finder to conclude, beyond a reasonable doubt, that appellant intended to enter the house.

■ Appellant's actions in ringing the front doorbell, knocking twice, and looking under the curtains all suggest that he wanted to ensure that the house was unoccupied. One could easily draw the inference that appellant's intent was "to commit theft, rather than some other crime requiring the presence of a victim." *Commonwealth v. Morgan,* 265 Pa.Super. at 235, 401 A.2d at 1187. Likewise, the fact that appellant attempted to enter a residence directly supports the inference that he intended to commit theft. *See Commonwealth v. Morgan, supra,* (one ordinarily expects a residence to contain items of value that can be removed by a single individual).

From a review of all the evidence we are satisfied that the fact finder could find, beyond a reasonable doubt, that appellant intended to enter the house with the intent to commit theft therein. Accordingly, we affirm the judgment of sentence for attempted burglary.

■ Appellant's second issue on appeal addresses trial counsel's ineffectiveness for allowing appellant to be convicted improperly of two inchoate crimes. Because the issue

of illegality of sentence can never be waived,[5] *see Commonwealth v. Brunner*, 243 Pa.Super. 55, 364 A.2d 446 (1976), appellant need not have alleged that trial counsel was ineffective. Instantly, appellant was convicted and sentenced for attempted burglary and possessing instruments of crime; a result clearly illegal under 18 Pa. C.S.A. § 906; and *Commonwealth v. Jackson*, 280 Pa.Super. 522, 421 A.2d 845 (1980). Section 906 of the Crimes Code prohibits a conviction for more than one inchoate crime when the conduct engaged in is designed to end in the commission of only one crime. Here, appellant's possession of a screwdriver and his subsequent use of it in an attempt to gain unauthorized entry into a residence was clearly "conduct designed to culminate in the commission of the same crime"—burglary of the house. 18 Pa. C.S.A § 906; *Commonwealth v. Jackson, supra.*

■ We agree that appellant was improperly convicted of both attempted burglary and possessing instruments of crime and, therefore, have the option of either remanding for resentencing, or amending the sentence directly. 42 Pa.C.S.A. § 706 (1981); *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980). Because appellant was sentenced concurrently to a term of imprisonment of one to five years and three years probation, we need not remand to the lower court for resentencing. Rather, we will vacate appellant's sentence for possessing instruments of crime as the lesser offense.[6]

■ Finally, appellant argues that counsel's failure to obtain a delay by requesting that the trial judge recuse himself, prevented appellant from securing the presence of a defense witness whose testimony would have corroborated

5. We note that the trial court incorrectly opined that, because appellant failed to raise this issue in post-verdict motions, it was waived.

6. Attempted burglary is a felony of the second degree, 18 Pa. C.S.A. §§ 905, 3502(a), and possessing instruments of crime is a misdemeanor of the first degree, 18 Pa. C.S.A § 907.

appellant's version of the facts. Appellant contends that this alleged error constitutes ineffective assistance of counsel. When ineffective assistance of counsel is alleged, this court must first ascertain whether the abandoned claim is of arguable merit. *See Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

For the following reasons, we find appellant's argument is frivolous.

■ Appellant would have us find, on appeal, that counsel was ineffective for failing to request that the judge recuse himself despite a record showing that appellant *voluntarily* and *knowingly* waived his right to have the judge disqualified. Here, the trial judge, sitting as suppression judge, indicated prior to trial that the subject evidence was admissible. Therefore, the trial judge heard nothing at the suppression hearing that he would not have heard at trial. The fact finder was not exposed to highly prejudicial or inadmissible evidence and, therefore, appellant suffered no bias. *See Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978).

In any event, trial counsel *did request a continuance*, and the court denied its request. Appellant had failed to establish that the witness could be procured, nor did he establish with any certainty the content of the witness's testimony. The trial court found that even if the witness's testimony would corroborate appellant's version of the facts, it would be cumulative and, therefore, the court deemed the witness unessential to appellant's defense. (Trial Court Opinion at 6, Record No. 7) In *Commonwealth v. Plath*, 267 Pa.Super. 1, 405 A.2d 1273 (1979), this court, confronted with substantially similar circumstances, held that the trial court's denial of a continuance based on the absence of a witness was proper.

Judgment of sentence for possessing instruments of crime is vacated; and judgment of sentence for attempted burglary is affirmed.