438 A.2d 984

**COMMONWEALTH of Pennsylvania,**

v.

**Juan MARTINEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Dec. 18, 1981.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, SHERTZ and WIEAND, JJ.

SHERTZ, Judge:

Appellant, Juan Martinez, was convicted of Criminal Conspiracy,[1] Loitering and Prowling at Night[2] and Attempted Burglary.[3] On March 18, 1975, Appellant was sentenced to concurrent terms of probation of three years on Conspiracy—Indictment No. 1368, one year on Loitering—Indictment No. 1369 and five years on Attempted Burglary—Indictment No. 1370. Appellant did not appeal this sentence.

On June 16, 1977, Appellant appeared before the lower court for a violation of probation hearing. The court terminated Appellant's probation on Bill No. 1369 and revoked his probation on Bill Nos. 1368 and 1370. Concurrent terms of three years probation, on Bill 1368 and 1370, were imposed. Appellant did not appeal this sentence.

On July 17, 1979, Appellant again appeared for a violation of probation hearing. Appellant's probation was revoked and *consecutive terms* of imprisonment of one to ten years on Bill Nos. 1368 and 1370 were imposed. This appeal followed.

In this appeal from his sentence for probation revocation, Appellant argues that the legality of his sentence is properly before this court either because his original sentence for his convictions of attempted burglary and criminal conspiracy

1. 18 Pa.Cons.Stat.Ann. § 903 ((Purdon 1976).

2. 18 Pa.Cons.Stat.Ann. § 5506 (Purdon 1976).

3. 18 Pa.Cons.Stat.Ann. § 901 (Purdon 1976).

was illegal and this issue cannot be waived or because trial counsel was ineffective for failing to object to Appellant's improper sentence for his conviction of both criminal conspiracy and attempted burglary.

■ Although Appellant failed to raise the issue of the illegality of sentence on direct appeal from his original sentence,[4] we will consider it at this time because it is not a waivable issue. *Commonwealth v. Turner*, 290 Pa.Super.Ct. 428, 434 A.2d 827 (1981); *Commonwealth v. Welch*, 291 Pa.Super.Ct. 1, 435 A.2d 189 (1981).

■ Instantly, Appellant was convicted and sentenced for criminal conspiracy and attempted burglary, a result clearly illegal under 18 Pa.Cons.Stat.Ann. § 906 (Purdon 1976).[5] *See Commonwealth v. Jackson*, 280 Pa.Super.Ct. 522, 421 A.2d 845 (1980); *Turner, supra.* Section 906 prohibits a conviction for more than one inchoate crime when the conduct engaged in is designed to end in the commission of only one crime. Here, Appellant's criminal conspiracy to commit burglary and his subsequent attempted burglary clearly constituted "conduct designed to culminate in the commission of the same crime"—burglary. Section 906, *supra; Turner, supra.* Accordingly, Appellant should not have been sentenced for both attempt and conspiracy, but only for one or the other. We shall therefore vacate the judgments of sentence for attempt and conspiracy and remand the case to the lower court so that it may resentence Appellant for either attempt or conspiracy.[6] *Jackson*, 280 Pa.Super.Ct. at 524, 421 A.2d at 846.

4. 42 Pa.Cons.Stat.Ann. § 9781(a) (Purdon 1981), formerly 18 Pa. Cons.Stat.Ann. § 1386 (Purdon 1976), states, in pertinent part: "The defendant or the Commonwealth may appeal as of right the legality of the sentence." Act of December 30, 1974, P.L. 1052, No. 345, § 1.

5. Section 906 provides: "Multiple Convictions Barred. A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or culminate in the commission of the same crime." Act of December 6, 1972, P.L. 1482, No. 334, § 1.

6. Appellant was sentenced consecutively to terms of imprisonment of one to ten years on attempted burglary and criminal conspiracy,

Judgments of sentence vacated and case remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

both felonies of the second degree. 18 Pa.Cons.Stat.Ann. §§ 905, 3502(a). Although we have the option of either remanding for resentencing, or amending the sentence directly *Commonwealth v. Eberts*, 282 Pa.Super.Ct. 354, 422 A.2d 1154 (1980), since the offenses are of the same degree, we will remand to the lower court to resentence Appellant for either attempt or conspiracy.