449 A.2d 750

**COMMONWEALTH of Pennsylvania**

v.

**Candido RIQUELMY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1982.

Filed Aug. 20, 1982.

404

Saul Solomon, Norristown, for appellant.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and McEWEN, JJ.

PER CURIAM:

These are direct appeals from two consecutive two (2) to five (5) year sentences of imprisonment imposed following

appellant's conviction by a jury on charges of criminal conspiracy and attempt to commit theft by deception. Appellant raises three issues on appeal. First, that the sentences are unlawful under § 906 of the Crimes Code; second, that the trial court erred in denying his pre-trial motion to quash the information; and third, that the evidence was insufficient to sustain the verdict.

 Appellant's first argument concerning the legality of his sentences is based upon § 906 of the Pennsylvania Crimes Code which prohibits convictions for more than one offense defined in chapter 9 of the code "for conduct designed to commit or culminate in the commission of the same crime." Criminal conspiracy and attempt are each defined in chapter 9 of the code. The Commonwealth concedes that the conduct underlying both charges was designed to culminate in the commission of one crime. The Commonwealth argues, however, that appellant has waived his objection to the sentences by failing to raise the issue in the trial court. Appellant argues, however, that the legality of his sentences is not a waivable issue. This matter has been decided contrary to the Commonwealth's contention by a panel of this Court in *Commonwealth v. Turner*, 290 Pa.Super. 428, 434 A.2d 827 (1981). Here, as in *Turner*, appellant was convicted of two crimes defined in chapter 9 of the code where only one crime was contemplated in violation of § 906. In *Turner*, the court vacated one sentence and affirmed the other. We will do likewise in this case and vacate the sentence imposed on the charge of attempted theft, and affirm the sentence imposed on the charge of conspiracy.

 Appellant also argues that the information filed against him by the district attorney fails to set forth with sufficient particularity the crimes charged. This issue was considered and discussed by the trial court in its opinion denying appellant's post-trial motions. There the issue was adequately addressed by the trial court and correctly decided. There is no need to elaborate further on the court's opinion in that regard.

Finally, appellant argues that the evidence was insufficient to support the jury's verdict. The test of whether the evidence was sufficient to support a conviction is whether viewing the evidence in the light most favorable to the Commonwealth, the jury could reasonably have found the defendant guilty beyond a reasonable doubt. *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975). Applying that test, the evidence in this case, particularly the testimony of Officer Miles Edwards, was clearly sufficient to support the convictions.

The judgment of sentence on the charge of criminal conspiracy is affirmed. The judgment of sentence imposed on the charge of attempted theft is vacated.