462 A.2d 265

**COMMONWEALTH of Pennsylvania**

v.

**Ronald FULTON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 10, 1982.

Filed July 1, 1983.

Richard H. Knox, Philadelphia, for appellant.

Eric I.B. Beller, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

CAVANAUGH, Judge:

■ Appellant Ronald Fulton was convicted, following a non-jury trial, of attempted robbery,[1] criminal conspiracy,[2] and possession of an instrument of crime.[3] Post-verdict motions were denied and appellant was sentenced to one-and-one-half to five years imprisonment for attempted robbery; five years probation for conspiracy, to be served concurrently with the term of imprisonment; and five years probation for possession of an instrument of crime, to run consecutive to the term of probation imposed on the conspiracy charge. Appellant now alleges that the lower court erred in convicting and sentencing him for three separate inchoate crimes, all of which were designed to culminate in

1. 18 Pa.C.S.A. § 901.

2. 18 Pa.C.S.A. § 903.

3. 18 Pa.C.S.A. § 907.

the commission of the same crime.[4] We agree and, therefore, vacate the judgments of sentence on the conspiracy and possession charges.

The evidence presented at trial disclosed that on January 19, 1980, at 9:00 p.m., appellant entered a McDonald's restaurant on Market Street in Philadelphia. He vaulted over the counter into the service area, pulled from his coat a small caliber handgun, pointed it at the manager, and directed the manager to come toward him. The appellant fled when the manager signaled an employee to activate an alarm. Appellant was apprehended approximately one block from the restaurant within moments of the attempted robbery.

■ Appellant's conviction and sentence for attempted robbery, criminal conspiracy, and possession of an instrument of crime was clearly improper under 18 Pa.C.S.A. § 906, which states:

### § 906. Multiple convictions barred

A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime.

1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973. All three of the crimes involved here are inchoate crimes under chapter nine of the crimes code and all were designed to culminate in the commission of the same crime, to wit, the robbery of the McDonald's restaurant. The Commonwealth's contention that the conviction for attempted robbery is really a conviction for robbery under 18 Pa.C.S.A. § 3701, and thus is not governed by § 906, is without merit. It is true that appellant was charged with robbery and that robbery, by definition, includes a threat of force made during an *attempt* to commit a theft, 18 Pa.C.S.A.

---

**4.** Although this issue was not raised at the time of sentencing or in post-verdict motions, the legality of a sentence can never be waived and the issue is, therefore, properly before us at this time. *Commonwealth v. Martinez,* 293 Pa.Super. 260, 438 A.2d 984 (1981); *Commonwealth v. Turner,* 290 Pa.Super. 428, 434 A.2d 827 (1981).

§ 3701(a)(1)(ii) and (a)(2). However, the court, in convicting appellant, stated that it found him guilty of attempted robbery. Appellant's counsel interrupted and said, "Attempted robbery, your Honor?" and the court replied "Yes." Furthermore, the court indicated on the information charging appellant with robbery that appellant was adjudicated guilty as to *attempted* robbery; and at the time of sentencing, the court clearly indicated that appellant was being sentenced on a conviction of attempted robbery. The Commonwealth at no time objected or inquired of the court as to whether the conviction was one for robbery or attempted robbery. We will not permit it to contend now that the court meant to convict appellant of robbery rather than attempted robbery.[5]

Nor do we agree with the Commonwealth's contention that this case is controlled by *Commonwealth v. Zappacosta*, 265 Pa.Super. 71, 401 A.2d 805 (1979), in which we refused to apply § 906 to convictions for both conspiracy and possession of instruments of crime because the conspiracy charge related to a burglary which had been completed at the time the appellant was found to be in possession of instruments of crime. Unlike the burglary in *Zappacosta*, the robbery of the McDonald's in the instant case was never successfully completed. The instant case is, instead, controlled by cases in which we have applied § 906 to prevent conviction on charges of both possession of instruments of crime and attempt. *See Commonwealth v. Bey*, 306 Pa.Super. 288, 452 A.2d 729 (1982); *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 441 A.2d 750 (1981); *Commonwealth v. Turner*, 290 Pa.Super. 428, 434 A.2d 827 (1981).

It is clear that under § 906 and the current case law interpreting that statute, only one of the convictions im-

---

5. We disagree with the Commonwealth's contention that there is no such crime as attempted robbery under Pennsylvania law. *See, e.g., Commonwealth v. McDuffie*, 499 Pa. 325, 453 A.2d 331 (1982); *Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981); *Commonwealth v. Thompson*, 302 Pa.Super. 19, 448 A.2d 74 (1982); *Commonwealth v. Garrison*, 292 Pa.Super. 326, 437 A.2d 407 (1981); *Commonwealth v. El*, 273 Pa.Super. 1, 416 A.2d 1058 (1979); *Commonwealth v. Lauer*, 18 D & C 3d 157 (1981).

424

posed in the instant case can be permitted to stand. *Commonwealth v. Bey*, 306 Pa.Super. 288, 452 A.2d 729 (1982); *Commonwealth v. Riquelmy*, 303 Pa.Super. 403, 449 A.2d 750 (1982); *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 441 A.2d 750 (1981); *Commonwealth v. Martinez*, 293 Pa.Super. 260, 438 A.2d 984 (1981); *Commonwealth v. Turner*, 290 Pa.Super. 428, 434 A.2d 827 (1981). We have the option to either remand for resentencing or to amend the sentence directly. 42 Pa.C.S.A. § 706, *Commonwealth v. Bey, supra; Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980). We will exercise our discretion to amend the sentence directly and affirm the one and one-half to five year prison sentence imposed on the attempted robbery conviction. The judgments of sentence for conspiracy, which was to run concurrently with the prison term, and for possession of an instrument of crime, which is a lesser offense, are vacated.

Judgment of sentence for attempted robbery affirmed. Judgments of sentence for criminal conspiracy and possession of an instrument of crime vacated.