J-S55017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALISHA JOHNSON, | : | |
| | : | |
| Appellant | : | No. 3183 EDA 2013 |

Appeal from the PCRA Order Entered October 18, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0007895-2010.

BEFORE:  BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 21, 2014**

Appellant, Alisha Johnson, appeals from the order dismissing her petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we hold that the PCRA court lacked jurisdiction to consider Appellant's petition.  Accordingly, we reverse the order of August 16, 2013 dismissing the 18 Pa.C.S. § 6111(g)(1) charge, and affirm the order of October 18, 2013, denying PCRA relief.

The PCRA court summarized the facts surrounding this case as follows:

> On April 27, 2009, Appellant was arrested and charged with various Violations of the Firearms Act.  The facts, as set-forth by the Commonwealth on August 10, 2010, were that: Officer Vincent, Badge # 4892 would testify that on March 18, 2009, while on patrol in the area of Oregon Avenue and Christopher Columbus Boulevard, he observed the Appellant making an illegal u-turn.  Officer Vincent stopped Appellant's vehicle and during his investigation recovered a nine millimeter

Luger handgun, bearing serial number 31466957, from her person. Appellant produced a valid Act 235 card at that time. (Notes of Testimony ("N.T."), 8/10/2010 at 36-37).

Further investigation by Agent DiBlasi (phonetically) of the Gun Violence Task Force revealed that the firearm was registered to Rodney Jefferson, who had purchased the firearm in 2003 from a dealer in New Kensington, Pennsylvania. After waiving her right to give a statement, Appellant informed DiBlasi that she and Jefferson both worked together as security guards at Einstein Hospital and that on March 14, 2009, she had purchased the firearm from him for $200. Appellant told officers that she was not on her way to or from work at the time of the stop. (N.T., 8/10/2010 at 36-37).

PCRA Court Opinion, 1/15/14, at 2-3. The PCRA court further offered the following summary of the procedural history of this case:

On August 10, 2010, [Appellant] entered an open guilty plea to violating sections 6108 and 6111(g)(1) of the Uniform Firearms Act. Appellant was sentenced to one year [of] probation for each charge, with the sentences to run concurrently. Appellant did not file a post sentence motion or a motion to withdraw her guilty plea, and a direct appeal was never pursued.

On August 8, 2011, Appellant filed a pro-se petition under the [PCRA]. Appellant's current counsel was appointed, and on May 25, 2012, counsel filed an Amended Petition on Appellant's behalf. On August 16, 2013, this court issued an Order granting the petition in-part by dismissing Appellant's section 6111(g)(1) charge.[1]

[1] Appellant's amended PCRA petition contends that her guilty plea based on her charge under 18 Pa.C.S.A. § 6111 was an illegal sentence because, based on the facts of record, she is not subject to the statute. In this instance, this court dismissed Appellant's 6111(g)(1) charge because it determined that the charge was indeed improper based upon the facts of the case. Thus, Appellant's claim of an

-2-

illegal sentence has already been addressed by this court.

On October 18, 2013, this court, determining that the rest of the issues raised by Appellant were without merit, entered an Order formally dismissing Appellant's PCRA petition.[2] On November 17, 2013, Appellant filed a timely appeal to the Superior Court from this court's dismissal of her PCRA.

> [2] Subsequent to this court's decision to grant the petition in part, regarding the section 6111(g)(1) charge, the Pennsylvania Supreme Court decided Commonwealth v. Turner, 2013 WL 6134575, No. 52 EAP [2011], 1 (Nov. 22, 2013), where it held that a PCRA petitioner has no due process right to be heard outside the limits imposed by Section 9543(a)(1)(i) of the PCRA. The Court found that "the legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief." Id. at 9. Since this court has already granted Appellant's PCRA petition in-part as to the 6111(g)(1) violation, the remainder of Appellant's substantive claims will be addressed, despite the fact that Appellant was not serving her sentence as required by 42 Pa.C.S.A. § 9543(a)(1)(i). See Commonwealth v. Ahlborn, 699 A.2d 718 (Pa. 1997).

PCRA Court Opinion, 1/15/14, at 1-2 (footnotes in original).

Appellant presents the following issue for our review:

Did the court below commit error by failing to order and hold an evidentiary hearing to determine whether trial counsel rendered ineffective assistance of counsel, effectively resulting in the lack of an attorney in violation of the U.S. and Pennsylvania Constitutions, where counsel incorrectly advised her that her guilty plea would not jeopardize her ability to become a police officer or a licensed registered nurse?

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Before we review the issue raised by Appellant, we must first consider whether Appellant is eligible for relief under the PCRA. Thus, we must address whether Appellant satisfied the requirements of the PCRA, which are as follows:

> **(a) General rule. --** To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> > >
> > > (ii) awaiting execution of a sentence of death for the crime; or
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543.

Our Supreme Court and this Court have consistently interpreted section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003); *Commonwealth v. James*, 771 A.2d 33 (Pa. Super. 2001). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. *Id*. To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the statute. *Id*.

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well-settled under Pennsylvania law that the PCRA court loses jurisdiction the moment an appellant's term of probation expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA

petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Our review of the record reflects that Appellant invoked the PCRA when she filed her *pro se* PCRA petition on August 8, 2011. However, our review of the record also reveals that on August 10, 2010, Appellant was sentenced to two concurrent terms of probation of one year. Hence, the record indicates Appellant has finished serving her sentence of probation pertinent to the conviction stated above. As the PCRA court notes in its Pa.R.A.P. 1925(a) opinion, Appellant is not serving a sentence as required by the provisions of the PCRA. PCRA Court Opinion, 1/15/14, at 2 n.2. Therefore, Appellant cannot satisfy the requirements of the PCRA. Accordingly, the PCRA court had no authority to entertain a request for relief under the authority of the PCRA. Appellant is ineligible for relief pursuant to the PCRA, and the PCRA court's dismissal of Appellant's PCRA petition on October 18, 2013, was proper.

Moreover, we would be remiss if we did not acknowledge the PCRA court's order entered on the docket on August 16, 2013, in that it appears from our discussion above that the PCRA court lacked jurisdiction to enter any such relief. Our review of the record reflects that a separate document containing the August 16, 2013 order is not included in the record certified

to this Court. The docket contained in the certified record from the court of common pleas does reflect the following entry dated August 16, 2013:

> Order Granting PCRA Petition in Part; Denied in Part
> PCRA Granting PCRA Petition in Part- Denied in Part. Court granted petition as to count 4 (18-6111-G1). 907 notice to be sent out. PCRA continued to 10/18/13 for formal dismissal. NCD: 10/18/13 Room 200. Hon K. Shreeves-Johns ADA: C. Mahler ATTY: S. Weaver STENO: J. Hall CLERK: K. Dandy

Docket entry dated 08/16/2013.[1]

---

[1] We note that Count 4 of Appellant's amended PCRA petition provides verbatim as follows:

> **IV. Imposition of a sentence greater than the lawful maximum.**
>
> "It is thus settled law that any allegation relating to whether a sentence exceeds the lawful maximum is a legality-of-sentence question." ***Commonwealth v. Foster***, 2008 Pa.Super. 252, 960 A.2d 160, 165 (P2008). An illegal sentence claim is not a waivable issue. ***Commonwealth v. Turner***, 290 Pa. Super. 428, 434 A.2d 827 (1981); ***Commonwealth v. Welch***, 291 Pa. Super. 1, 435 A.2d 189 (1981); ***Commonwealth v. Martinez***, 293 Pa. Super. 260, 438 A.2d 984 (1981).
>
> Petitioner entered a guilty plea to a charge under 18 Pa.C.S. § 6111. However, the statute, generally, applies to persons who sell or transfer firearms, i.e., a seller. 18 Pa.C.S. § 6111 et. Seq. It is further applicable to persons/buyers makes false written or oral statements to authorities or sellers while attempting to obtain a firearm. The facts articulated on the record, and as are known to Petitioner and current counsel, do not make the Petitioner subject to the statute. "[S]ection 6111, … in pertinent part addresses the eligibility of purchasers or transferees", essentially to sell or transfer firearms. ***See, Commonwealth v. Hernandez***, 2012 PA.Super. 40, 39 A.3rd 406 (2012) (decided on other grounds).

However, as explained previously, the PCRA court lacked jurisdiction to enter the above order because Appellant was no longer serving her sentence. *Commonwealth v. Turner*, 80 A.3d 754 (Pa. 2013), *Commonwealth v. Ahlborn*, 699 A.3d 718 (Pa. 1997), *Commonwealth v. Martin*, 832 A.2d 1141 (Pa. Super. 2003), *Commonwealth v. Fisher*, 703 A.3d 714 (Pa. Super. 1997). Accordingly, because Appellant was ineligible for PCRA relief when the PCRA court entered the August 16, 2013 order upon the docket, we are compelled to reverse that order.

Order of August 16, 2013, reversed. Order of October 18, 2013, affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/21/2014</u>

---

Consequently, the acceptance of a guilty plea to a charge where the elements of the offense cannot be sustained by the plea. Petitioner argues that a sentence imposed on a charge not supported by the facts is an illegal sentence. Therefore Petitioner seeks nolle pros on the § 6111 charge; that the court to [sic] vacate the sentence imposed; or that the court grant a judgment of acquittal or dismissal on the charge.

Amended PCRA Petition, 5/25/12, at 8-9 (verbatim).