J-S13029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
COREY GOLDEN :
:
Appellant : No. 1118 MDA 2021

Appeal from the Judgment of Sentence Entered July 19, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000605-2016,
CP-35-CR-0001571-2012

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED AUGUST 22, 2022**

Appellant, Corey Golden, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following revocation of his probation. We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On August 24, 2012, Appellant entered a guilty plea at docket No. CP-35-CR-0001571-2012 ("docket 1571-2012") to two counts of simple assault, two counts of recklessly endangering another person ("REAP"), and one count each of harassment, criminal mischief, and disorderly conduct. The court sentenced Appellant on December 5, 2012 as follows: Count 1- simple assault, 1 year of probation; Count 2 – simple assault, 3 to 6 months' imprisonment;

_____

[*] Former Justice specially assigned to the Superior Court.

Count 3 – REAP, 1 to 6 months' imprisonment (consecutive); Count 4 – REAP, 1 to 6 months' imprisonment (concurrent); Count 5 – harassment, no further penalty; Count 6 – criminal mischief, 1 to 5½ months' imprisonment (consecutive); and Count 7 – disorderly conduct, 1 year of probation (consecutive). The aggregate judgment of sentence at this docket was 5 to 17½ months' imprisonment, plus two years' probation.[1]

On January 2, 2013, Appellant was paroled. In February 2016, while serving probation at docket 1571-2012, Appellant violated the terms of his supervision. Specifically, Appellant was arrested on or around February 3, 2016, and charged with various drug offenses at docket No. CP-35-CR-0000605-2016 ("docket 605-2016"). On August 15, 2016, Appellant pled guilty to one count of possession of a controlled substance with the intent to deliver ("PWID") at docket 605-2016.

On November 2, 2016, the court imposed a split sentence at docket 605-2016, of 11 to 23½ months' imprisonment, plus five years' probation. Additionally, the court revoked Appellant's probation at docket 1571-2012 based on the new PWID conviction, and it resentenced Appellant to one year

---

[1] The court also sentenced Appellant at another docket on this date for harassment (no further penalty imposed) and terroristic threats (3 to 6 months' imprisonment consecutive to docket 1571-2012), but the sentences at that docket are not at issue in this appeal. Based on the consecutive sentences at this unrelated docket and docket 1571-2012, Appellant's prison sentence would expire on April 7, 2014, and his probation would expire on April 7, 2016.

of probation for Count 1 – simple assault (concurrent) and one year of probation for Count 7 – disorderly conduct (consecutive). Thus, Appellant's aggregate sentence for dockets 1571-2012 and 605-2016, was 11 to 23½ months' imprisonment, plus six years of probation. Based on these sentences (and factoring in credit for time served), Appellant's prison sentence would expire on January 18, 2018, and his probation would expire in January 2024.

On January 5, 2017, Appellant was paroled. While on parole, Appellant committed technical violations of his supervision. On November 28, 2017, the court revoked Appellant's parole at docket 605-2016 and recommitted Appellant to serve the balance of his 11 to 23½ month imprisonment sentence (with no credit for "street time" served while Appellant was on parole). The court also revoked the consecutive five-year probation term at docket 605-2016, and imposed a consecutive term of 6 to 24 months' imprisonment. Additionally, the court revoked probation at docket 1571-2012 for both Count 1 and Count 7, and imposed consecutive one-year probation terms at each count. Thus, the aggregate sentence at dockets 1571-2012 and 605-2016, was 17 to 47½ months' imprisonment, plus two years of probation (with credit for time served in prison). Appellant timely filed a motion for reconsideration, which the court denied on December 6, 2017.

On July 31, 2018, Appellant was paroled, with a completion date for parole at docket 605-2016 set at September 10, 2020. While still on parole, and before the commencement of the probationary period at docket 1571-

2012 began, Appellant committed technical violations of his supervision by failing to report. Appellant stipulated to the violations on April 23, 2021, and the court revoked his probation at Count 1 and Count 7 of docket 1571-2012. On July 19, 2021, the court resentenced Appellant at docket 1571-2012, to 3 to 12 months' imprisonment for Count 1 (simple assault) and 3 to 11 months' imprisonment at Count 7 (disorderly conduct),[2] to be served consecutively, for an aggregate of 6 to 23 months' imprisonment.[3]

On August 2, 2021, Appellant filed a motion for modification of sentence, claiming the sentence was illegal and excessive. The court denied relief the next day. On August 18, 2021, Appellant timely filed a *pro se* notice of appeal.[4] The court appointed counsel on October 5, 2021. That same day,

_____

[2] Throughout the record, the court sometimes refers to Count 7 as criminal mischief. Our review of the record, however, confirms that Count 7 is disorderly conduct.

[3] The court noted that all other previous credit was applied to the parole term that has now expired. Thus, the court imposed no sentence relative to docket 605-2016.

[4] On October 25, 2021, this Court issued a rule to show cause why the appeal should not be quashed as violating **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018) (holding that Pa.R.A.P. 341 requires filing of separate appeals from order that resolves issues arising on more than one docket; failure to file separate appeals generally requires appellate court to quash appeal), where Appellant's single notice of appeal contained both docket Nos. 1571-2012 and 605-2016. Appellant responded to the rule, claiming, *inter alia*, a breakdown in the operations of the court based on language in the court's order advising Appellant of his rights. This Court subsequently discharged the rule to show cause and referred the issue to the merits panel.

*(Footnote Continued Next Page)*

the court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following the grant of an extension, Appellant complied on December 9, 2021.

Appellant raises the following issue for our review:

> Did the trial court impose an illegal sentence when it anticipatorily revoked the Appellant's probation for which it did not possess statutory authority?

(Appellant's Brief at 3).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).

---

In ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa.Super. 2019), this Court declined to quash an appeal under ***Walker***, where the PCRA court had misinformed the appellant about the manner in which to take an appeal, by using singular language when referring to the appellant's right to file "a" "notice" of appeal. ***Id.*** at 160. ***See also Commonwealth v. Larkin***, 235 A.3d 350 (Pa.Super. 2020) (*en banc*), *appeal denied*, ___ Pa. ___, 251 A.3d 773 (2021) (reaffirming holding in ***Stansbury*** that we may overlook requirements of ***Walker*** where breakdown occurs in court system, and defendant is misinformed or misled regarding his appellate rights). Here, the court used similar singular language in its order advising Appellant of his appellate rights. Thus, we decline to quash the appeal for any non-compliance with ***Walker***.

In any event, we further note that in ***Commonwealth v. Young***, ___ Pa. ___, 265 A.3d 462 (2021), the Supreme Court expressly overruled the pronouncement in ***Walker*** that the failure to file separate notices of appeal in connection with issues arising at more than one docket necessarily requires this Court to quash the appeal. The ***Young*** Court held Pa.R.A.P. 902 "permits the appellate court, in its discretion, to allow correction of the error, where appropriate." ***Id.*** at ___, 265 A.3d at 477.

"The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Alston**, 212 A.3d 526, 528 (Pa.Super. 2019).

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." **Infante, supra** at 363 (quoting **Commonwealth v. Catt**, 994 A.2d 1158, 1160 (Pa.Super. 2010) (*en banc*)). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Id.** (quoting **Catt, supra** at 1160).

Appellant argues that on November 28, 2017, the court revoked his parole **and** probation at docket 605-2012, even though he was not on probation at the time he violated the terms of his supervision. Appellant concedes that he did not file a direct appeal from that judgment of sentence. Nevertheless, Appellant contends his 2017 sentence was illegal, where the court revoked his probationary term before he had begun serving it and imposed a term of incarceration. Appellant maintains the 2017 illegal

sentence directly affected the current sentence now on appeal. Appellant insists that during the 2017 resentencing hearing, the court was only permitted to recommit Appellant to the balance of his incarceration sentence at docket 605-2016. Similarly, Appellant asserts the court improperly revoked his probationary terms at docket 1571-2012, during the 2017 resentencing hearing, because Appellant had not yet begun serving his probation at that docket. Appellant claims the court exceeded its authority in resentencing Appellant at the 2017 resentencing hearing, such that the 2017 sentence was a legal nullity.

Appellant submits that had the trial court properly recommitted Appellant to serve the balance of his incarceration term at docket 605-2016 at the 2017 resentencing hearing and left the probationary terms intact (at both dockets), then Appellant would have been serving the probation at docket 605-2016 until January 18, 2023. In other words, Appellant contends he would not have begun serving the probationary terms at docket 1571-2012 imposed back in 2016, at the time of the 2021 resentencing hearing.

Even if the 2017 sentence cannot be overturned at this juncture, Appellant argues his 2021 revocation sentence is illegal. Specifically, Appellant asserts that he was still on parole at the time he committed a technical violation of his supervision. Appellant emphasizes that he had not yet begun serving the probationary sentence at docket 1571-2012 when the court revoked his probation at that docket. Thus, Appellant contends the court

erred when it anticipatorily revoked his probation before he began serving it. Appellant concludes the court imposed an illegal sentence in 2017 and again in 2021, and this Court must vacate and remand for further proceedings. We agree that some relief is due.[5]

This Court has recently declared that a trial court may not revoke probation when a defendant commits a violation of his supervision after sentencing but before the probationary period has begun. ***Commonwealth v. Simmons***, 262 A.3d 512 (Pa.Super. 2021) (*en banc*)[6] (holding that sentence imposed following anticipatory probation revocation is illegal sentence). Specifically, the ***Simmons*** Court explained that prior case law "was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that 'a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted.'" ***Id.*** at 524-25. This Court continued:

> No statutory authority exists to support this understanding.

---

[5] In response, the Commonwealth argues that Appellant's challenge to the 2017 sentence is procedurally improper and cannot be challenged in this direct appeal. Nevertheless, the Commonwealth agrees Appellant's 2021 sentence is illegal, where the court anticipatorily revoked Appellant's probation at docket 1571-2012, where Appellant was still on parole when he committed a violation of his supervision. (***See*** Commonwealth's Brief at 10).

[6] We note that our Supreme Court will be reviewing the decision in ***Simmons*** in relation to its grant of allowance of appeal in ***Commonwealth v. Rosario***, No. 298 WAL 2021, No. 299 WAL 2021, No. 300 WAL 2021 (Pa. Jan. 25, 2022). Nevertheless, ***Simmons*** is binding precedent until our Supreme Court rules on the issue. ***See Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa.Super. 2006).

> Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation"—including the "specified conditions"— do not begin to commence until the prior term ends.

***Id.***

Instantly, we must first decide whether Appellant can challenge the legality of his 2017 revocation sentence in this appeal. In ***Infante, supra***, this Court explained:

> When, on appeal from a sentence imposed following probation revocation, an appellant collaterally attacks the legality of the underlying conviction or sentence,
>
>> such an approach is incorrect and inadequate for two reasons. First any collateral attack of the underlying conviction or sentence must be raised in a petition pursuant to the Post-Conviction Relief Act [("PCRA")]. Second, such an evaluation ignores the procedural posture of the case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.
>
> ***Commonwealth v. Beasley***, [570 A.2d 1336, 1338 (Pa.Super. 1990)]. The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008); 42 Pa.C.S.A. § 9542. '[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition.' ***Id.*** at 592 (quoting ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa.Super. 2005) (*en banc*), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007)). 'Although legality of sentence

- 9 -

is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.' ***Fowler, supra***. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA. ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1173 n.9 (Pa.Super. 2008), *appeal denied*, 600 Pa. 733, 963 A.2d 470 (2009).

***Infante, supra*** at 365 (holding that where appellant failed to file timely PCRA petition challenging legality of initial sentence, appellant's claim as to legality of original sentence raised in later appeal from revocation sentence, was lost).

Here, we agree with the Commonwealth that Appellant cannot collaterally attack his 2017 sentence in the current proceeding.[7] ***See id.*** Appellant's judgment of sentence concerning the 2017 revocation sentence is final for purposes of the PCRA, and Appellant's only recourse concerning the legality of that sentence would be to pursue relief via an exception to the PCRA time-bar. ***Id.***

Turning to the 2021 revocation sentence properly before us, the record shows that while on parole at docket 605-2016, Appellant committed technical violations of his supervision by failing to report. Appellant stipulated to the

---

[7] Although Appellant relies on ***Commonwealth v. Martinez***, 438 A.2d 984 (Pa.Super. 1981) to support his claim that he can challenge the 2017 sentence at this juncture, Appellant ignores the fact that ***Martinez*** (and other cases cited by Appellant) predated the 1995 amendments to the PCRA imposing the relevant time constraints.

violations on April 23, 2021, and the court revoked his probation at Count 1 and Count 7 of docket 1571-2012. On July 19, 2021, the court resentenced Appellant at docket 1571-2012, to 3 to 12 months' imprisonment for Count 1 (simple assault) and 3 to 11 months' imprisonment at Count 7 (disorderly conduct), to be served consecutively, for an aggregate 6 to 23 months' imprisonment. Under **Simmons**, however, the trial court lacked authority to find that Appellant violated a condition of his probationary sentence before it commenced. Rather, the court only had authority to find Appellant in violation of his parole at docket 605-2016. **See Simmons, supra**. Even if Appellant had stipulated to violating the terms of his parole **and** probation, such a stipulation would be invalid. **See Commonwealth v. Muhammed**, 219 A.3d 1207, 1211 (Pa.Super. 2019) (stating: "a criminal defendant cannot agree to an illegal sentence"). Accordingly, we vacate the 2021 revocation sentence and remand for further proceedings.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

President Judge Emeritus Stevens joins this memorandum.

Judge Stabile notes his dissent.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2022