498 A.2d 829

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William J. KERPAN, Appellant.**

Supreme Court of Pennsylvania.

Argued May 17, 1985.

Decided Sept. 25, 1985.

Edward E. Guido, Public Defender, for appellant.

J. Michael Eakin, Dist. Atty., Theodore B. Smith, III, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, McDERMOTT, HUTCH-INSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

Appellant was accused of setting a fire that partially destroyed the building containing his residence and his law office, and of attempting to obtain reimbursement from his insurance company for losses sustained as a result of the fire. A Cumberland County jury convicted him of arson endangering persons,[1] arson endangering property,[2] and

1.  18 Pa.C.S. § 3301(a).
2.  18 Pa.C.S. § 3301(b).

attempted theft by deception.[3]  On appeal, a Superior Court panel affirmed the judgments of sentence on the arson endangering persons and the attempted theft convictions, and vacated the judgment of sentence on the arson endangering property conviction.[4]  Upon petition we granted allocatur.  We now reverse, and remand the case to the Court of Common Pleas of Cumberland County for a new trial.

In this appeal appellant has raised three issues, all under the guise of ineffectiveness: whether trial counsel was ineffective in failing to object to the trial judge's instruction to the jurors that they were permitted to discuss questions with their fellow jurors; whether trial counsel was ineffective in failing to establish the existence of other unsolved arsons in the defendant's community; and whether trial counsel was ineffective in failing to object to a jury instruction which purportedly referred to matters not in evidence.

■ The law on ineffectiveness is well established in this Commonwealth.  In reviewing a defendant's claim of ineffective assistance of counsel, we must first determine whether the issue underlying the complaint is of arguable merit.  Thereafter, we must focus on whether the course of action chosen by the defendant's counsel had some reasonable basis designed to effectuate the interests of his client. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 353 (1967).  Thus, petitioner's arguments necessarily require a showing that his trial attorney failed to effectively act in the face of trial errors.

**3.**  18 Pa.C.S. § 901.

**4.**  *Commonwealth v. Kerpan*, 330 Pa.Super. 585, 478 A.2d 116 (1984). Superior Court found that the trial court's sentence of two years (less one day) to four years in prison on the arson endangering persons conviction together with a concurrent term of imprisonment on the arson endangering property conviction of two years (less one day) to four years constituted multiple punishment for the same criminal transaction.  *See Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981).

The first issue concerns the propriety of the following introductory instruction given the jury by the trial judge:[5]

Members of the jury, during the course of the trial, jurors very frequently would like to ask questions about something, and *I have discussed this with counsel, and we are going to experiment.* However, if you do have a question in your mind, don't stand up and ask it. Wait until the next recess or break, *discuss the question with your fellow jurors* who may be able to answer it.

For example, very often attorneys and witnesses will use a word with which you are not familiar and you'd like to know what that means. *So in discussing it with your fellow jurors, they may be able to answer, or you may have missed something and your fellow jurors will fill you in.* However, if a question still persists in your mind, then write it out on a tablet which will be in the jury deliberating room, give it to the tipstaff, and then I will discuss it with Counsel because the question may be impartial or prejudicial or maybe really have nothing to do with your deliberations in this case ultimately, and you will be unnecessarily concerning yourselves about something which has nothing to do with the case or you shouldn't hear, so that after discussing with Counsel, we will decide on how to best answer the juror's question. (Emphasis added.)

That instruction, which essentially encouraged the jurors to hold discussions among themselves, was a clear departure from the common practice in the courts of this Commonwealth. Nevertheless, there was no objection raised by appellant's counsel. In fact the trial judge in his opinion has indicated that appellant's counsel agreed to this "experiment."[6]

5. Because appellant was a member of the Cumberland County Bar, President Judge G. Thomas Gates of the Court of Common Pleas of Lebanon County was assigned to preside at this trial.

6. In his opinion President Judge Gates stated:
Prior to the trial, *it was agreed* that, due to the length and complexity of the issues of the trial, the jurors would be allowed to ask questions during the course of the trial itself.
Court of Common Pleas of Cumberland County, No. 602 Criminal 1981, Memorandum Opinion, Gates, P.J., 6–7 (emphasis added).

■ We have not previously confronted the issue of whether jurors may be permitted to consult with one another during the course of a trial. Perhaps such has not come to notice because the practice that jurors must withhold discussion and consultation as well as judgment until all the evidence is received by them under a charge of the court is so aeonic and pervasive in this Commonwealth that only by "experiment" would the issue take wing. Some jurisdictions have faced the issue, and the consensus among them is that it is improper for jurors to discuss the details of the case among themselves before they have received all of the evidence, have listened to the closing arguments of counsel, and have been given their final instructions by the trial judge. *See Winebrenner v. United States*, 147 F.2d 322 (8th Cir.1945) *cert. denied*, 325 U.S. 863, 65 S.Ct. 1197, 89 L.Ed. 1983 (1945); *State v. Washington*, 182 Conn. 419, 438 A.2d 1144 (1980); *Commonwealth v. Benjamin*, 369 Mass. 770, 343 N.E.2d 402 (1976); *People v. Hunter*, 370 Mich. 262, 121 N.W.2d 442 (1963). *State v. McGuire*, 272 S.C. 547, 253 S.E.2d 103 (1979).

There are generally five reasons given for prohibiting premature jury discussion. First, since the prosecution's evidence is presented first, any initial opinions formed by the jurors are likely to be unfavorable to the defendant, and there is a tendency for a juror to pay greater attention to evidence that confirms his initial opinion. *See People v. Feldman*, 87 Mich.App. 157, 274 N.W.2d 1 (1978). Second, once a juror declares himself before his fellow jurors he is likely to stand by his opinion even if contradicted by subsequent evidence. *See State v. Gill*, 273 S.C. 190, 255 S.E.2d 455 (1979). Third, the defendant is entitled to have his case considered by the jury as a whole, not by separate groups or cliques that might be formed within the jury prior to the conclusion of the case. *See Winebrenner v. United States, supra.* Fourth, jurors might form premature conclusions without having had the benefit of the court's instructions concerning what law they are to apply to the facts of the case. *See State v. Washington, supra.* Fifth, jurors might

form premature conclusions without having heard the final arguments of both sides. *See People v. Monroe,* 85 Mich. App. 110, 270 N.W.2d 655 (1978). *See also, State v. Castonguay,* 194 Conn. 416, 481 A.2d 56 (1984); *Commonwealth v. Benjamin, supra; People v. Hunter, supra; State v. McGuire, supra. See generally,* 21 A.L.R. 4th 444.

We find these reasons to be compelling, and hold that premature jury deliberations and/or discussions are to be expressly prohibited.[7]

■ It should be noted that in the present case the trial judge did in fact caution the jury at several points during the trial that they should not discuss the case among themselves or with others. The court also instructed the jurors that they should avoid forming premature conclusions. The Superior Court panel, correctly recognizing that the "experiment" constituted error, found that these subsequent instructions were sufficient to clear up any misconceptions. They therefore concluded that the error was harmless. We disagree. At best the jury was left with conflicting and confusing instructions about what, if anything, they were permitted to discuss. Had the judge told the jury to disregard his previous instructions concerning the experiment, the error might have been cured. But that did not occur. As a result, we are compelled to conclude that appellant's right to an impartial jury was violated.[8]

---

**7.** We do not wish to mandate a specific instruction which must be given. However, we note that there does exist a standardized suggested instruction which accurately addresses the present situation:

2.03 AVOIDING PREMATURE OPINIONS

(1) Each of you must keep an open mind throughout the trial. In the oath you just took you swore to do so. You should avoid forming opinions about the guilt or innocence of the defendant or about any other disputed question until you begin your deliberations.

(2) You should not talk with each other about the evidence or any other matter relating to whether the defendant has been proven guilty until I send you to the jury room to deliberate on your verdict. Only then will you know enough about the evidence and the law to discuss the case intelligently and fairly.

Pennsylvania Suggested Standard Criminal Jury Instructions.

**8.** *See,* U.S. Const., Amend. VI; Pa. Const., Art. I, § 9.

■ The question remains as to whether trial counsel had any reasonable basis for participating in this experiment. We can think of none, at least none that would constitute an acceptable reason for jeopardizing appellant's constitutional right to a fair and impartial jury. Agreements that precede conviction can often prove watery reeds, and departures from the beaten paths into areas of "experiment" are fraught with dangers. Here the learned trial judge doubtless believed that since the defendant was an attorney such agreement could be forged in iron, and, had the outcome been different, perhaps at least one convert would have been won. We believe, however, that the issue is too profound in its implications to set precedent on a case-by-case experiment; nor can we permit less than a universal practice in a matter of such importance. We therefore agree with appellant's first claim of ineffectiveness.[9]

Accordingly, the order of the Superior Court is reversed, and the case is remanded to the Court of Common Pleas of Cumberland County for a new trial.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is hereby ordered and adjudged by this Court that the order of the Superior Court is reversed, and the case is remanded to the Court of Common Pleas of Cumberland County for a new trial.

FLAHERTY, J., did not participate in the consideration or decision of this case.

9. In light of our disposition of appellant's first issue a discussion of the remaining two issues is not required.