503 A.2d 986

**COMMONWEALTH of Pennsylvania**

v.

**George W. MANHART, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 18, 1985.

Decided Jan. 28, 1986.

554

Michael A. McGinley, Ashland, for appellant.

Jacqueline L. Russell, Assistant District Attorney, Pottsville, for Com., appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of sentence imposed by the Honorable Donald D. Dolbin of the Court of Common Pleas of Schuylkill County. Appellant, George W. Manhart, Jr., was tried and convicted by a jury of robbery [1] and other related crimes. We affirm the judgment of sentence.

On May 7, 1983, at approximately 1:00 A.M., Ms. Vicki Urbon, the proprietor of Urbon's Pharmacy, was disturbed by a loud crash below her second floor apartment. Ms. Urbon immediately ran down the stairway leading from her apartment to the pharmacy located on the first floor. Entering the pharmacy, she noticed that the door leading to the street had been smashed.

At this time, an intruder approached Ms. Urbon armed with a hand gun. Two lights, one three (3) feet and another ten (10) feet from her, illuminated his features. Ms. Urbon testified that the intruder was no more than three (3) feet from her and that she "had a one hundred percent look at [his] face." N.T. at 49. She described the intruder as approximately 5'8" tall, and between 140–150 pounds, with brown hair and brown eyes. He was dressed in blue jeans, a bright blue short-sleeve shirt, cowboy boots, and a rolled

1. 18 Pa.C.S. § 3701

up knit hat, according to her testimony. Ms. Urbon noted that the intruder had a mark on his upper lip and that his eyes "drifted" and did not move in unison with one another.

Ms. Urbon further testified that the intruder spoke to her for about five minutes and demanded certain drugs by placing the hand gun to her head and threatening to kill her. Ms. Urbon stated that she complied with the gun-toting intruder's demands, handing him several bottles of narcotics from a storage cabinet. As the intruder attempted to exit through the damaged front door, he slipped, cutting his right forearm on the door's broken glass. He then regained his composure and took flight.

Ms. Urbon notified the Butler Township Police Department of the break-in. Shortly thereafter, Ms. Urbon reviewed a book of approximately 24–45 photographs and immediately identified a photograph of appellant. At a later time, Ms. Urbon was shown a different array of photographs, containing over 120 photos, and once again singled out appellant's picture.

Several days later, Trooper Bulavage of the Pennsylvania State Police, and Chief Davies of the Butler Township Police Department apprehended appellant. When appellant was arrested, both officers observed a partially healed cut on his right forearm. Additionally, they noticed that appellant had a deformed upper lip and one eye which tended to "wander."

Appellant was tried before a jury on charges of robbery, burglary, theft and reckless endangerment. Post-verdict motions being denied, appellant was sentenced to a total of two and one-half (2½) to five (5) years imprisonment to run consecutive to any sentence he was already serving. Appellant filed this direct appeal.

■ Appellant puts forth five issues [2] for our review. We shall address appellant's sufficiency argument first.

**2.** Appellant raises the following issues on appeal:
  1. Was the victim's ID. evidence insufficient to sustain the defendant's convictions on all counts?

The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all reasonable inferences favorable to it, there is sufficient evidence to find every element of the crime and the identity of the accused beyond a reasonable doubt.... The entire record with all evidence actually received must be considered, whether or not the lower court's rulings thereon were correct.

*Commonwealth v. Minnis,* 312 Pa.Super. 53, 55, 458 A.2d 231, 232 (1983) (citations omitted). Viewing the evidence under this standard, we agree with the lower court that the Commonwealth has proven all elements beyond a reasonable doubt.

Appellant next cites four specific instances which, he avers, reflect the ineffectiveness of his trial counsel. Since appellate counsel raised the ineffectiveness claim of trial counsel at the first stage of the proceedings in which appellate counsel represented appellant, the issue is properly before this court. *See Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). We now turn to the standard which controls when a counsel's effectiveness is placed at issue.

Our task in cases of this nature ... encompasses both an independent review of the record, ... and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives.... We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed consti-

2. Was the defendant's trial counsel ineffective in failing to request discovery in accordance with the Pa.R. of Crim.Pro?

3. Was the defendant's trial counsel ineffective in failing to request suppression of the photo ID's.?

4. Was the defendant's trial counsel ineffective in failing to move for a mistrial following the police officer's testimony that the photo array was compiled from pictures of people who had committed crimes in the past in the area?

5. Were the photo ID's. so suggestive as to taint the victim's in-court ID. of the defendant? (and was trial counsel therefore, ineffective for failing to object?) [sic]

Brief for Appellant at 1–2.

tutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record.... [T]he balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967) (citations and footnotes omitted) (emphasis in original). *Commonwealth v. Kerpan,* 508 Pa. 418, 498 A.2d 829 (1985).

■ Applying the standard set out above, we now address appellant's contention that counsel was ineffective for not requesting a mistrial when a police officer testified that police photo arrays included criminal photographs. A review of the record discloses that upon direct examination by the Commonwealth, Trooper Ronald Souchak of the Pennsylvania State Police testified:

Q Now, was Miss Urbon there—

A Yes, she was.

Q —when you arrived?

A Yes, she was.

Q And did you have any interview with her?

A Yes, I did.

Q And what was the extent of that?

A I asked Miss Urbon ... Well, prior to this, Officer Bernodin had advised me as I had entered the establishment that they had a *mug shot ... Or a photo album of people who had been arrested for crimes in the Ashland area,* and he advised that he had given this to Miss Urbon to look at, and upon introducing myself ...

Mr. McLaughlin: Your Honor, I am going to object. This is all hearsay going on too far.

THE COURT: Yes, we sustain that objection. A photo album was produced. You can go on from there.

Q  And with the receipt of that information, then what did you do, sir?

A  I had asked Miss Urbon if she had discovered anybody in this particular photo album that she possibly could recognize as the perpetrator of the crime.

N.T. at 68 (emphasis added).

Appellant's trial counsel made a hearsay objection to this testimony. Appellant now avers that effective counsel should have requested a mistrial at this juncture. We agree.

"Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief ... granted." *Commonwealth v. Turner,* 469 Pa. 319, 324, 365 A.2d 847, 849 (1976) (footnote omitted). Instantly, appellant's trial counsel failed to request a mistrial when a police officer improperly referred to photographs of the appellant being in the possession of the police. Upon review of the record, we can perceive no "reasonable basis" for trial counsel's failure to request a mistrial. *See Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972) (reference to a defendant's photograph constitutes reversible error). *See also Commonwealth v. Bricker,* 506 Pa. 571, 487 A.2d 346 (1985); *Commonwealth v. Groce,* 452 Pa. 15, 303 A.2d 917 (1973).[3] We, therefore, find trial counsel's stewardship ineffective.

■ In light of our recent decision in *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985), however, our analysis of this issue must pass through one more test. Appellant must now prove to this court that counsel's ineffectiveness prejudiced his case. It is under this analysis that we find appellant has not met his burden. As in *Pierce,* after making a comprehensive examination of the entire record, we conclude that the evidence overwhelmingly established appellant's guilt, and that any error was

---

3.  *Cf. Commonwealth v. Reiss,* 503 Pa. 45, 468 A.2d 451 (1983); *Commonwealth v. Bey,* 294 Pa.Super. 229, 439 A.2d 1175 (1982); *Commonwealth v. DeMarco,* 225 Pa.Super. 130, 310 A.2d 341 (1973).

harmless beyond a reasonable doubt. *See Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155, (1978) (error cannot be found harmless unless appellate court is convinced beyond a reasonable doubt).

As already stated, the Commonwealth produced evidence that appellant entered the pharmacy under cover of darkness, confronted and robbed Ms. Urbon, and fled from the scene. Ms. Urbon gave police a detailed description of appellant,[4] and identified appellant on two later occasions from a compilation of police photographs. Police later apprehended appellant, who matched Ms. Urbon's physical description. Counsel's error for not moving for mistrial was so insignificant, by comparison to the overwhelming evidence, that the decision reached would not have been different absent the error.

Appellant further contends that he was denied effective assistance of counsel because his trial counsel failed to discover or request suppression of the photo identifications. Again, we begin our analysis by returning to *Pierce*. Trial counsel's failure to file pre-trial motions "is deemed ineffective if the issue not raised is of arguable merit and counsel had no reasonable basis for failing to assert it." *Commonwealth v. Moore*, 321 Pa.Super. 1, 9, 467 A.2d 862, 866 (1983). We find appellants claims of arguable merit and can find no reasonable basis for counsel's damaging omissions; counsel was therefore ineffective.[5] Appellant has once again, however, failed to meet his burden of showing prejudice due to counsel's errors.

4. We note that there is no basis to support appellant's contention that the victim, Ms. Vicki Urbon, lacked credibility in her identification.

5. Our standard for review of ineffective assistance of counsel claims has changed recently; our prior practice had been to remand for a hearing on ineffectiveness whenever such a claim was made on appeal, if no hearing had been held by the trial court. The Supreme Court, however, condemned that practice in *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984), and set forth a new procedure; the appellate court is to evaluate the ineffectiveness claims and decide whether they have merit. If they have no merit, no evidentiary hearing is necessary. *Id.*, 505 Pa. at [306], 479 A.2d at 957.

The [*Garvin* plurality] would require that the defendant bear the burden of proving that counsel's ineffective representation so prejudiced his case that he was deprived of a fair trial. That is, '[a] finding that [the defendant] is entitled to a new trial cannot be made unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, resulting in prejudice to the defendant.'

*Commonwealth v. Pierce, supra,* 345 Pa.Superior Ct. at 329, 498 A.2d at 425–26 *quoting Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

Appellant attempts to meet this burden by arguing that trial counsel "would surely have then been able to better prepare for the trial," (Brief for Appellant at 8), by utilizing discovery, and that failure to request suppression did not "serve his client's interests in any way, shape or form." (Brief for Appellant at 9). Appellant's arguments do not rise to the level of prejudice that *Pierce* requires.

█ Appellant's final issue, pertaining to the suggestiveness of the photo identifications, was effectively addressed by the lower court as meritless. We concur, and therefore find that counsel could not be found ineffective on the issue.[6]

In summary, we find no issue among those raised by appellant which would support a reversal of the judgment of sentence of the lower court.

Judgment of sentence affirmed.

*Commonwealth v. Hill,* 340 Pa.Super. 155, 160, 489 A.2d 889, 891 (1985).

6. Appellant also attempts to argue that trial counsel was ineffective for failing to request a cautionary instruction on the reliability of the victim's in-court identification of appellant. This issue was not set forth in appellant's statement of the questions involved portion of his brief nor suggested thereby. Therefore, it will not be considered. *Commonwealth v. Gray,* 339 Pa.Super. 385 n. 3, 489 A.2d 213 n. 3 (1985) (*citing,* Pa.R.A.P. 2116(a)). In passing, the positive identification need not have been accompanied by a caution. *See Commonwealth v. Kloiber,* 378 Pa. 412, 414, 106 A.2d 820, 826 (1954) *cert. denied,* 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954).