522 A.2d 573

**COMMONWEALTH of Pennsylvania**

v.

**Dexter BRIGHT, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 11, 1986.

Filed Feb. 24, 1987.

Mitchell S. Strutin, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

This is an appeal from the judgment of sentence for robbery, burglary, criminal conspiracy and possessing instruments of a crime. A previous appeal, filed on October 29, 1983, was never briefed and as a result, this Court dismissed the appeal without prejudice to appellant's rights under the Post Conviction Hearing Act. Following the filing of a PCHA petition, Bright's right to appeal was reinstated *nunc pro tunc.*

■ Appellant's first contention is that his trial counsel was ineffective in 1) failing to object to irrelevant testimony, 2) failing to object to an erroneous jury instruction concerning his alibi defense, and 3) failing to object to a missing witness instruction. We must engage in a three part analysis to determine the adequacy of counsel's performance. The threshold inquiry "is whether the issue[s] ... which form the basis for an assertion of ineffectiveness, [are] of arguable merit, for counsel cannot be considered to be ineffective for failure to assert a meritless claim." *Commonwealth v. Silo,* 509 Pa. 406, 409–10, 502 A.2d 173, 175 (1985) (citations omitted). *See also Commonwealth v. McNeil,* 506 Pa. 607, 615, 487 A.2d 802, 806 (1985). If we determine there is arguable merit, we must then decide whether counsel's actions had some "reasonable basis designed to effectuate the interests of his client." *Commonwealth v. Kerpan,* 508 Pa. 418, 420, 498 A.2d 829, 830 (1985). Finally, appellant must establish that he was actually prejudiced through the deficient performance of his counsel. *See Commonwealth v. Clemmons,* 505 Pa. 356, 361–62, 479 A.2d 955, 958 (1984); *Commonwealth v. Dougherty,* 351 Pa.Super. 603, 608–609, 506 A.2d 936, 939 (1986). "[T]he burden of establishing counsel's ineffectiveness

rests upon the defendant." *Commonwealth v. McNeil, supra,* 506 Pa. at 615, 487 A.2d at 806.

Appellant has failed to meet his burden at the threshold inquiry of the foregoing analysis. Pointing to the fact that no evidence was presented as to the caliber of the handgun used during the robbery, Bright argues that testimony regarding the seizure of .22 caliber bullets from his bedroom was totally irrelevant and that counsel was ineffective for failing to so object. While the record discloses that trial counsel did object to the admission of the bullets at the close of the Commonwealth's case and during post-trial motions, no objection was made when Detective Frank Russell testified that the bullets were found next to appellant's bed. Because this failure to object to the testimony was considered by the court in denying counsel's subsequent objection and motion, we will view trial counsel as having failed to timely object to the relevance of the .22 caliber bullets. *See Commonwealth v. Myer,* 340 Pa.Super. 176, 188, 489 A.2d 900, 906 (1985). We do not, however, find merit in appellant's contention that the testimony regarding the bullets was irrelevant.

Relevant evidence is evidence which "tends to make a fact at issue more or less probable." *Commonwealth v. Soblotney,* 502 Pa. 418, 422, 466 A.2d 1022, 1024 (1983); *Commonwealth v. Brown,* 489 Pa. 285, 303, 414 A.2d 70, 79 (1980). Although the caliber of the handgun was not established at trial, appellant's possession of the bullets connected him with firearms, thereby bolstering his identification as the perpetrator of the crime. Any weakness in this evidence affected its weight and not its admissibility. *See Commonwealth v. Clark,* 280 Pa.Super. 1, 421 A.2d 374, *aff'd* 501 Pa. 393, 461 A.2d 794 (1980) (defendant's possession of a pocket knife five weeks after crime was relevant, despite victim's inability to testify that weapon used was a knife). Trial counsel cannot be faulted for failing to object to relevant evidence.

We also find meritless appellant's contention that the jury was improperly charged as to alibi. The trial court instructed the jury as follows:

Here, the defendant has alleged an alibi. An alibi is a defense wherein the defendant alleges or contends that at the time of the crime he was at a different place from the scene and so removed from it as to make it impossible for him to be the guilty party.

Now, the defendant has no burden of proving alibi but alibi may either standing alone or with other evidence create a reasonable doubt in your minds as to his guilt and, therefore, you should scrutinize all of the evidence very closely. You should also realize that while the Commonwealth has the burden of proving beyond a reasonable doubt that the defendant was present at the scene of the crime, it is not necessary for the Commonwealth to prove that each piece or bit of evidence places the defendant at the scene beyond a reasonable doubt. These are all matters, Ladies and Gentlemen, for you to decide in the application of your common sense and experience as mature adults.

In *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980), our Supreme Court held that when a defendant presents evidence of an alibi, a specific alibi instruction must be given which guards against the danger of the jury considering the defendant's failure to prove alibi as evidence of guilt. Relying on language enunciated in *Pounds*, *supra*, appellant argues that a jury must be instructed to acquit the defendant if the alibi evidence, *even if not wholly believed*, raises a reasonable doubt as to the defendant's presence at the scene of the crime. Bright contends that the foregoing underscored language must be incorporated verbatim into an alibi charge, and that trial counsel was ineffective for failing to object to the change as given or failing to request a modification thereof.

The very issue raised by appellant was considered by this Court in *Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1984). There, we rejected an ineffectiveness

claim and upheld an alibi instruction very similar to the one at hand, stating:

> [W]e do not interpret *Pounds* as creating standard language for an alibi instruction. So long as the trial judge makes it clear that the defendant's failure to prove an alibi defense is not tantamount to guilt, the *Pounds* safeguards are preserved.

*Id.*, 336 Pa.Super. at 18, 485 A.2d at 406.

▮▮▮ Here, the trial court's instructions specifically stated that "the defendant ha[d] no burden of proving alibi...." This very concern, as articulated by the trial court, was the precipitating factor behind the language in *Pounds* which appellant finds so critical. See *Pounds, supra,* 490 Pa. at 633, n. 16, 417 A.2d at 603, n. 16. In effect, appellant is merely contesting the form of the instruction rather than its substance. Furthermore, the charge at hand contained every safeguard provided in the charge upheld in *Johnson, supra.* Finding no ineffectiveness on the part of counsel there, we decline to do so here.

Appellant's final assertion of ineffective assistance is his trial counsel's failure to object to a missing witness instruction. His sole argument is that because three alibi witnesses were presented at trial, additional alibi testimony would have been merely cumulative, making a missing witness instruction inapplicable. We disagree.

Appellant was tried for crimes which either occurred or culminated on March 6, 1982, at approximately 5:00 a.m.. During trial, appellant offered an alibi defense, testifying that on the evening of March 5, 1982, he attended a party with a woman by the name of Jackie McDonald. Bright further testified that he and McDonald left the party at approximately 12:00 a.m., and that both of them returned to his bedroom where they remained until the following morning. Appellant shared his bedroom with his brother Steve, who was allegedly in the bedroom with a female guest, Sharine Bell, throughout the night of the crime. Due to the fact that neither Jackie McDonald, Steven Bright or Sharine Bell were called to testify, the jury was instructed that they

could infer that the testimony of these witnesses would have been unfavorable to the defense.

It is well settled that when a defendant raises the existence of alibi witnesses who know him personally, but does not call those witnesses, the jury may infer that the absent testimony would be adverse to the defendant, and the trial court may so instruct. *See Commonwealth v. Wright*, 444 Pa. 536, 282 A.2d 323 (1971); *Commonwealth v. Leonard*, 499 Pa. 357, 364–65, 453 A.2d 587, 589 (1982); *Commonwealth v. Womack*, 307 Pa.Super. 396, 406, 453 A.2d 642, 647 (1982). This inference cannot be made, however, if the missing testimony would have merely been cumulative to alibi evidence already presented. *See Commonwealth v. Owens*, 315 Pa.Super. 400, 462 A.2d 255 (1983); *Commonwealth v. Stafford*, 307 Pa.Super. 278, 284–85, 453 A.2d 351, 354 (1982); *Commonwealth v. Jones*, 455 Pa. 488, 495, 317 A.2d 233, 237 (1974). Although appellant presented testimony from three witnesses which tended to corroborate his alibi defense, additional testimony from Jackie McDonald, Steve Bright and Sharine Bell would have been anything but cumulative.

None of the witnesses called by appellant could personally testify to his whereabouts at the time of the robbery. A close friend stated that he saw Dexter Bright leave a party with Jackie McDonald at around 12:00 a.m., but saw him at no time thereafter. Appellant's sister testified that she saw Dexter, Jackie McDonald, Steve and Sharine Bell sleeping in the bedroom at 3:00 a.m., and again saw appellant in the kitchen at breakfast time. Appellant's mother stated that she heard Dexter, Jackie, Steven and Sharine come into the house at midnight, and saw appellant and Jackie McDonald at 8:00 or 9:00 the following morning. The only other alibi evidence presented was the testimony of appellant himself.

It is apparent that Jackie McDonald, Steven Bright and Sharine Bell were essential witnesses to the alibi defense. These were the people who were allegedly in the same bedroom with appellant during the time of the robbery. They were the only witnesses who could conclusively

testify as to Dexter Bright's exculpatory location during the critical hours between 5:00 a.m. and 7:00 a.m.. To argue that their testimony would have been cumulative is to simply belie the record. *See Commonwealth v. Whyatt*, 235 Pa.Super. 211, 218–219, 340 A.2d 871, 876 (1975). We therefore conclude that a missing witness instruction was warranted, and that counsel was not ineffective for failing to lodge a meritless objection to the charge.

Lastly, we must determine whether the following sentence received by appellant was legal:

| Bill No. 741 (Robbery) | —Not less than 6 years nor more than 20 years. |
| Bill No. 743 (Criminal Conspiracy) | —Not less than 5 years nor more than 10 years to run concurrently with Bill Nos. 741 and 748. |
| Bill No. 744 (Possessing Instruments of Crime—i.e. handgun used during robbery) | —Not less than 2½ years nor more than 5 years to run concurrently with Bill No. 748. |
| Bill No. 748 (Burglary) | —Not less than 6 years nor more than 20 years to run concurrently with Bill No. 741. |
| Bill No. 749 (Robbery) | —Not less than 6 years nor more than 20 years to run concurrently with Bill Nos. 741 and 748. |

Appellant contends that his separate concurrent sentences for criminal conspiracy and possessing instruments of crime were illegal under Title 18, Pa.C.S. § 906 in that both of these offenses were intended to culminate in the same robbery. We agree.

Section 906 provides that "[a] person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime." *See Commonwealth v. Gonzales*, 297 Pa.Super. 66, 74–75, 443 A.2d 301, 305–306 (1982); *Commonwealth v. Tingle*, 275 Pa.Super. 489, 499, 419 A.2d 6, 11 (1980). Criminal conspiracy and possessing instruments of crime are inchoate offenses within the purview of the statute. *See Gonzales* and *Tingle, supra.* Contrary to the suggestion of the Commonwealth, there is nothing in the record to indicate that the conspiracy and possessory crimes were committed with a separate objective

270 .

in mind. Indeed, appellant's use of the handgun during the robbery, combined with his lack of possession after the crime, implies that he possessed the gun with the intent to facilitate the conspiratorial objective of robbery. The situation at hand is distinguishable from cases such as *Commonwealth v. Zappacosta*, 265 Pa.Super. 71, 77, 401 A.2d 805, 808 (1979) and *Commonwealth v. Brown*, 336 Pa.Super. 628, 635, 486 A.2d 441, 445 (1984), where it was apparent from the record that the inchoate crimes did not share the same objective.

Although we find a portion of appellant's sentence to be illegal, we need not remand to correct the error. Because the entire sentence was to run concurrently, we will simply vacate the sentence imposed for possession of an instrument of crime as the lesser offense. See *Commonwealth v. Gonzales*, supra, 297 Pa.Super. at 74–75, 443 A.2d at 305–306; *Commonwealth v. Turner*, 290 Pa.Super. 428, 434, 434 A.2d 827, 831 (1981).

Judgment of sentence for robbery, burglary and conspiracy affirmed. Judgment of sentence for possessing instruments of crime vacated.

TAMILIA, J., files a concurring opinion.

TAMILIA, Judge, concurring:

I would agree with the majority in all respects except in its findings on discovery of .22 caliber bullets in appellant's home. Contrary to the majority's holding that admission of the .22 caliber shells was relevant, I would hold that they were not relevant to establishing that the appellant committed the crime, which was a robbery with a handgun, as the caliber of the gun had not been established. The majority would hold that the objection to the admission of the .22 caliber bullets as evidence, was not made contemporaneously therewith and, therefore, is waived. Appellant's counsel alleges ineffectiveness of counsel of trial counsel in failing to make timely objections. I would agree. Since this is the first opportunity to allege ineffectiveness of counsel, and with the complete record before us, we can review that

issue on its merit. *Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10 (1986).

The holding by the majority that "[a]lthough the caliber of the handgun was not established at trial, appellant's possession of the bullets connected him with firearms, thereby bolstering his identification as the perpetrator of the crime" (At 265), is carrying the inference beyond reasonableness. Possession of three .22 caliber bullets alone, in one's home, does not warrant the presumption that that person also has a gun, particularly in a society and state where guns are so widespread and people have contact with firearms in arcades, hunting and other recreational pursuits and millions of armed forces servicemen have the opportunity to bring them home as souvenirs. It is not unlikely that a person, never possessing a gun, could have had access to shells. The majority's reliance on *Commonwealth v. Clark*, 280 Pa.Super. 1, 421 A.2d 374 (1980) is unpersuasive. There, the robbery appeared to have been committed by the use of an unspecified sharp instrument held to the victim's throat. The defendant was found with a knife in his right rear pocket five weeks after the crime. Admittedly, this evidence would have greater probative value and relevance than the shells in the present case. In a strong dissent by Spaeth, J., he correctly pointed to the prejudicial manner in which the evidence was admitted. There, the knife was displayed to the jurors on closing, despite the fact that it was never admitted into evidence over the objection of defense counsel. I would, therefore, find the testimony as to the .22 caliber bullets was not relevant and failure to object was ineffective assistance of counsel.

My reasons for concurring in the result are based, however, on the fact that in this case, despite my belief that counsel was ineffective for failure to object to the admission of evidence of the bullets, it was not so prejudicial to appellant's case as to warrant a reversal or a new trial. Since the other evidence was overwhelming as to defendant's guilt, I would find that while error was committed in the admission into evidence of three .22 caliber shells, it was

not so prejudicial that it would change the result. Counsel's ineffectiveness, therefore, does not warrant a new trial.