J-S68025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLIL MYATT | |
| Appellant | No. 3568 EDA 2013 |

Appeal from the PCRA Order November 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002114-2008

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 14, 2014**

Kylil Myatt appeals from an order dated November 13, 2013 dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.*, without a hearing.  We affirm.

A jury found Myatt guilty of second degree murder[1], robbery[2] and conspiracy[3].  The trial court sentenced him to life imprisonment for second degree murder with concurrent terms of 10-20 years' imprisonment for robbery and conspiracy, respectively.  This Court affirmed Myatt's judgment of sentence, and the Supreme Court denied his petition for allowance of appeal.

---

[1] 18 Pa.C.S. § 2502.
[2] 18 Pa.C.S. § 3701.
[3] 18 Pa.C.S. § 903.

Myatt filed a timely PCRA petition. The trial court appointed counsel, who filed a **Finley/Turner** letter[4] explaining that there were no meritorious issues and requesting leave to withdraw as counsel. On September 16, 2013, the trial court issued a notice of intent to dismiss the PCRA petition without a hearing in twenty days. On November 13, 2013, the trial court entered an order dismissing the PCRA petition and granting counsel leave to withdraw. Thereafter, Myatt proceeded *pro se*.

On December 10, 2013, Myatt filed a timely notice of appeal to this Court. Both Myatt and the trial court complied with Pa.R.A.P. 1925.

The trial court accurately summarized the evidence adduced during trial as follows:

> The salient findings are that Myatt gave a statement to Gregory Gross, a civilian, that he had witnessed the shooting of Troy Moore. Id. at 85. Mr. Gross called a friend of his, Philadelphia Police Officer Tony Jones, who arrived in full uniform. Id. Myatt told Officer Jones that he, his cousin Khalil Myatt a/k/a Yanni, and James Felder a/k/a Sonny had planned to rob the decedent and that Yanni had done the shooting. N.T. MOTION (1/6/09) at 86. At this time, Myatt was standing outside, was not in police custody, and was not forced in any way to give a statement. Id. Thereafter, Myatt was taken to the police homicide unit where he was given his Miranda rights, an opportunity to use the restroom, eat, drink, and produced a signed six-page statement. Id. at 87-88.

---

[4]**Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 379 Pa.Super. 390, 550 A.2d 213 (1988).

The testimony at trial was that on September 25, 2007 at approximately 1:00 a.m., Sonny and Yanni approached Myatt and asked him to take a walk with them. N.T. TRIAL (1/7/09) at 84. Shortly thereafter, Myatt, Sonny, and Yanni approached the home of Troy Moore ('Moore') at 6013 Baltimore Ave. Philadelphia, PA. Id. at 85. After a couple of minutes, Moore rode up on his motorcycle and Yanni pulled out a gun and starting shooting at Moore. Id. As soon as the shooting started, everyone fled in separate directions. Id. Nothing was taken from the victim. Id. Asa Webster, a neighbor, heard the gunshots and ran to assist Moore until the police arrived. Id. at 60-62. Police officers arrived at 2:07 a.m. and found Moore lying on the ground suffering from multiple gunshot wounds. N.T. TRIAL (1/7/09) at 57.  He was taken to University Hospital where he later died. Id. The police secured the area and found seven .357 caliber cartridge casings, which were analyzed by a ballistics expert and found to exhibit similar firing characteristics. Id. at 37-43.

According to Myatt's confession, he knew Yanni and Sonny were planning to rob Moore. N.T. TRIAL (1/7/09) at 85. About a week earlier, Yanni and Sonny were joking about robbing Moore, but Myatt did not take them seriously because they were intoxicated at the time. Id. at 86-87. As they approached Moore's home, Myatt beg[a]n to suspect the robbery was about to take place. Id. at 86. Myatt thought about the conversation Yanni and Sonny had earlier about Moore and knew the robbery was about to take place. Id. at 87.  Myatt stated in his confession, 'when we stopped at Troy's house, I knew that it was going to be a robbery.' Id. at 86.

Dr. Gregory McDonald performed Moore's autopsy, which confirmed that he had died on October 8, 2007 at 3:15 a.m. due to complications from four bullets recovered from Moore's abdomen. N.T. TRIAL (1/7/09) at 12-15. His cause of death was multiple gunshot wounds and the manner was ruled homicide.  Id. at 15.

Trial Court Opinion, pp. 3-4.

Myatt raises the following issues in his Pa.R.A.P. 1925(b) statement:

> 1. The trial court erred by allowing photographs to come into evidence when the prosecution witness did not know the source.
>
> 2. Trial counsel was ineffective for not requesting a jury instruction per Pa.R.Crim.P. 647(a) or objecting per Rule 647(b) when definitions for critical legal terms were never given.
>
> 3. Trial counsel was ineffective by not calling a reciprocal expert ballistics witness to testify.
>
> 4. Trial counsel was ineffective for allowing a testimonial statement into evidence without confrontation of the person who made the statement. A statement originally made by P.O. Clyde Frasier was presented by Louis Grandizio.
>
> 5. Trial counsel was ineffective for not compelling the Court to provide all transcripts in accordance with Pa.R.A.P 1922.
>
> 6. Trial counsel was ineffective for not demanding that the trial court comply with 1931(b). The court reporter failed in his/her duty to lodge a correctable set of transcripts with the Clerk of Courts.
>
> 7. The trial court erred by not allowing eyewitnesses to testify at trial about events surrounding this case.
>
> 8. Trial and appellate counsel's many errors should be considered cumulatively.
>
> 9. Trial and appellate counsel provided ineffective assistance of counsel in violation of the United States and Pennsylvania Constitutions.
>
> 10. Trial counsel was ineffective for not requesting a bill of particulars pursuant to Pa.R.Crim.P. 572.

11. Trial counsel was ineffective for not filing a motion for discovery pursuant to Pa.R.Crim.P. 573.

12. Trial counsel was ineffective for overstepping his authority by agreeing to stipulations at trial.

We will re-order discussion of these issues for ease of disposition.

We first address Myatt's argument that the trial court erred by allowing unauthenticated photographs into evidence depicting him on the night of his arrest[5]. Myatt waived this claim by failing to raise it in his PCRA petition. *See*, *e.g.*, *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (claim not raised in a PCRA petition cannot be raised for the first time on appeal); *Commonwealth v. Albrecht*, 720 A.2d 693, 706 (Pa. 1998) ("[defendant's] claims were not raised in the amended PCRA petition, and are therefore waived" on appeal).

Even if Myatt preserved this issue for appeal, it lacks merit. The Commonwealth properly introduced the photographs pursuant to a stipulation by and between counsel. Even if counsel had not agreed to such a stipulation, the Commonwealth presented sufficient evidence to establish the photographs' authenticity. To introduce a photograph at trial, the proponent must demonstrate that the photograph "is what it purports to be." *Commonwealth v. Koch*, 39 A.3d 996, 1002 (Pa. Super. 2011). A photograph may be authenticated where a witness who is "familiar with the

---

[5] Pa.R.A.P. 1925(b) statement, Issue 1; Brief For Appellant, p. 5.

items photographed" testifies "that they are accurately depicted therein." ***Commonwealth v. Wiltrout***, 457 A.2d 520, 523 (Pa. Super. 1983); accord Pa.R.E. 901(b)(1).

Here, the Commonwealth introduced photographs depicting Myatt at police headquarters on the day that he gave his statement. N.T. 1/7/09, pp. 103-06. In order to authentic those photographs, the Commonwealth presented Detective Joseph Bamberski, who had interviewed defendant and taken his statement only hours before defendant was photographed. When asked whether the photographs "fairly and accurately depict[ed]" defendant on the night he gave his statement, Detective Bamberski stated: "Yes." N.T. 1/7/09, p. 93. The fact that he was not "sure" specifically who took the photographs, more than one year after the incident, goes to the weight of his testimony, not the admissibility of the photographs, and is therefore irrelevant to defendant's claim. N.T. 1/7/09, p. 104. Accordingly, the trial court properly permitted the Commonwealth to introduce the photographs, because Detective Bamberski's testimony was sufficient to establish their authenticity. ***Commonwealth v. Nauman***, 498 A.2d 913, 914 (Pa. Super. 1985) (court properly admitted victim's photograph where Commonwealth presented evidence that her appearance in the photograph "was the same as it was on the day" of the crime); ***see also Commonwealth v. Reid***, 811 A.2d 530, 552 (Pa. 2002) (Commonwealth adequately authenticated

photograph through witness' testimony that it depicted the gun she had identified to police).

In a related argument[6], Myatt contends that trial counsel was ineffective for stipulating to the admission of the photographs. To prove ineffective assistance of counsel under the PCRA, the petitioner must prove that: (1) the underlying issue is of arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner suffered prejudice by counsel's act or omission. **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). For a claim to have arguable merit, a petitioner must prove "that the underlying legal claim has arguable merit." **Commonwealth v. Steele**, 961 A.2d 786, 821 (Pa. 2008). With regard to prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Koehler**, 36 A.2d at 132. The failure to prove any prong of this test causes the entire ineffective assistance claim to fail. **Id**. at 132. Furthermore, counsel is presumed to be effective; the petitioner has the burden of proving otherwise. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

---

[6] Pa.R.A.P. 1925(b) statement, Issue 12; Brief For Appellant, p. 5.

Here, as discussed above, the evidence demonstrates that the photographs were properly authenticated. Thus, Myatt's claim of ineffectiveness lacks arguable merit.

Defendant next argues that counsel was ineffective for not asking the trial court to define the terms "intentionally" and "knowingly" for the jury[7]. This claim lacks arguable merit. A trial court has broad discretion in phrasing its jury instructions "so long as the law is clearly, adequately, and accurately set forth." *Commonwealth v. Rizzuto*, 777 A.2d 1069, 1088 (Pa. 2001), *abrogated on other grounds*, *Commonwealth v. Freeman*, 827 A.2d 385 (Pa. 2003). When considering a challenge to the propriety of a jury instruction, an appellate court reviews the instruction in its entirety and "not simply isolated portions." *Commonwealth v. Charleston*, 94 A.3d 1012, 1021 (Pa. Super. 2014).

The trial court's reference to "intent" was proper. The court stated that first degree murder requires "intent to kill" but then explained that Myatt was not charged with first degree murder. N.T. 1/7/09, p. 7. The court did not define intent further because it would have been improper to do so. Myatt was only charged with second and third degree murder, neither of which requires specific intent to kill. The court only made passing

---

[7] Pa.R.A.P. 1925(b) statement, Issue 2; Brief For Appellant, p. 5.

mention of first degree murder and intent to demonstrate what was *not* at issue in this case.

The court's reference to "knowingly'", which occurred during the court's charge on third degree murder, was proper as well. Third-degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice. **Commonwealth v. Morris**, 958 A.2d 569, 576 (Pa. Super. 2008). "Malice is not merely ill will but, rather, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty." **Id.** To prove malice, "it must be shown that the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm." **Commonwealth v. Kling**, 731 A.2d 145, 148 (Pa. Super. 1999). The trial court gave the following instruction for third degree murder:

> Killing is with malice if the perpetrator's actions show that his wanton or willful disregard of an unjustified or extremely high risk that his conduct would result in death or serious bodily injury to another. In this form of malice, the Commonwealth need not prove that the perpetrator specifically intended to kill another. The Commonwealth must prove, however, that he took action while consciously, that is, *knowingly* disregarding the most high risk he was creating and that by his disregard of that risk, he demonstrated his extreme indifference to the value of human life.

N.T. 1/9/09, pp. 8, 13-14. The court equated "knowingly" with "consciously", a term frequently employed in judicial definitions of malice, ***Kling, supra***, and the court properly used "consciously" to convey the essence of malice, i.e., conscious disregard of an extreme risk that the actions in question might cause death or serious bodily harm. Thus, the use of "knowingly" does not provide Myatt with any basis for relief. ***Commonwealth v. Fisher***, 813 A.2d 761, 770 (Pa. 2002) (counsel not ineffective for failing to object to jury instruction that clearly and accurately stated the law).

Myatt next argues that trial counsel was ineffective for not presenting a reciprocal ballistics expert to discredit the testimony of the Commonwealth's ballistics expert, Officer Louis Grandizio[8]. The trial court properly rejected this claim because Myatt failed to show that such a witness existed or that he was prejudiced by the witness' absence.

To prevail on a claim that counsel failed to obtain an expert, "the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence." ***Commonwealth v. Bryant***, 855 A.2d 726, 745 (Pa. 2004); ***Commonwealth v. Luster***, 71 A.3d 1029, 1047 (Pa. Super. 2013). The defendant must also demonstrate that the witness' proposed testimony "was necessary in order to avoid

---

[8] Pa.R.A.P. 1925(b) statement, Issue 3; Brief For Appellant, p. 6.

prejudice" to him. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1143 (Pa. 2012). Here, defendant failed to even identify his expert witness or provide an affidavit that this expert was available to testify on his behalf. This, alone, is fatal to his claim. Without evidence of an available witness, the PCRA court had no reason to believe that any expert would have testified in the manner that defendant wishes. ***Commonwealth v. Keaton***, 45 A.3d 1050, 1071 (Pa. 2012) (rejecting bald assertion that counsel should have hired an expert witness); ***Luster***, ***supra***, 71 A.3d at 1047 (counsel not ineffective for not presenting expert witness where Luster "failed to identify any forensics expert who would have provided [the desired] testimony"). Even if an expert witness existed, Myatt failed to prove that his proposed testimony would have helped his case. According to Myatt, a ballistics expert could have testified to an alternative method for determining a bullet's caliber, "which may have revealed" that the bullets recovered from the crime scene were fired from more than one gun. PCRA Petition, p. 6. However, the identity of the shooter was not at issue in this case, for as the PCRA court explained, Myatt could have "just as easily been present at the scene while two people shot and killed the victim." Trial Court Opinion, p. 10.

Furthermore, Myatt fails to establish prejudice, since his PCRA petition merely asserts in boilerplate fashion that expert testimony "could have changed the outcome of the trial." ***Commonwealth v. Paddy***, 15 A.3d

431, 444 (Pa. 2011) (boilerplate allegations and bald assertions of prejudice cannot satisfy petitioner's burden).

Finally, even if Myatt had discredited Officer Grandizio's testimony, the verdict would have remained the same because the evidence against Myatt was overwhelming. The victim obviously died due to gunshot wounds and not of natural causes. Myatt confessed that he attempted to rob the victim, and that his co-conspirator shot and killed the victim during the robbery. Myatt also admitted that he and his cohorts had been planning the robbery for two weeks. After telling the victim's family, Myatt repeated his confession to Officer Anthony Jones and gave a signed statement to police. N.T. 1/6/09, pp. 137-45, 166-77, 206-13; N.T. 1/7/09, pp. 82-91. **See Commonwealth v. Philistin**, 53 A.3d 1, 32 (Pa. 2012) (rejecting ineffectiveness claim where defendant could not prove that jury would have acquitted him, where evidence against him was overwhelming).

Next, Myatt argues that counsel was ineffective for permitting Officer Grandizio to testify to a property receipt prepared by Officer Clyde Frasier in violation of the Confrontation Clause[9]. Myatt waived this claim by failing to discuss in his brief why counsel's actions lacked a reasonable basis or how he suffered prejudice from this alleged error. **Commonwealth v. Rykard**,

_____

[9] Pa.R.A.P. 1925(b) Statement, Issue 4; Brief For Appellant, pp. 6-7.

55 A.3d 1177, 1190 (Pa. Super. 2012) (appellant waived issue by neglecting to present appropriate argument and citation on appeal).

In any event, this claim lacks arguable merit. The Confrontation Clause entitles a defendant to confront witnesses who testify against him. *Commonwealth v. Yohe*, 79 A.3d 520, 531 (Pa. 2013). An out-of-court statement may nevertheless be admitted where the declarant is unavailable or the defendant had a prior opportunity to cross-examine him. *Commonwealth v. Mollett*, 5 A.3d 291, 307 (Pa. Super. 2010).

There was no Confrontation Clause error here because Officer Frasier in fact testified at trial about the location and collection of the ballistics evidence. He explained that he recovered seven fired cartridge casings from the crime scene and had documented that information on a property receipt. N.T. 1/7/09, pp. 19-34. Since Myatt had ample opportunity to cross-examine Officer Frasier regarding that property receipt, no basis existed for a Confrontation Clause objection. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa.2014) ("counsel cannot be deemed ineffective for failing to raise a meritless claim"); *see also Crawford v. Washington*, 541 U.S. 36, 60 (2004) ("when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements").

Myatt next argues that trial counsel was ineffective for failing to compel the court reporter to file all transcripts or to ensure that the reporter

properly prepared them[10]. Myatt is incorrect. The court reporter provided the transcript to defense counsel, Trial Court opinion, p. 11, and the trial court cited to the transcript in its opinion. Myatt also seems to argue that the trial court failed to ensure that the transcript was accurate. We find no prejudice, since Myatt fails to pinpoint a single error in the transcript or any harm resulting therefrom.

Myatt contends that the trial court erred by not permitting alleged eyewitnesses Latoya Brown and Rolanda Danyelle Tucker to testify at trial[11]. Brief for Appellant, p. 10. Myatt waived this claim by failing to present it in his PCRA petition. **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (claim not raised in PCRA petition cannot be raised for the first time on appeal). Moreover, this claim lacks merit. Myatt contends that these eyewitnesses exonerate him because they failed to identify him as a perpetrator. As explained above, however, Myatt twice admitted to participating in the robbery, once to the victim's family and again to police in a signed statement. Given his damning confessions, the eyewitnesses' failure to identify him is of no moment.

Myatt contends that trial counsel was ineffective for failing to request a bill of particulars[12] or seek discovery[13]. These claims lack arguable merit.

_____

[10] Pa.R.A.P. 1925(b) Statement, Issues 5-6; Brief For Appellant, p. 7.
[11] Pa.R.A.P. 1925(b) Statement, Issue 7; Brief For Appellant, p. 10.
[12] Pa.R.A.P. 1925(b) Statement, Issue 10; Brief For Appellant, p. 8.

"The purpose of a bill of particulars is to give notice to the defendant of the nature of offenses charged so that he may prepare a proper defense and avoid surprise." ***Commonwealth v. Judd***, 897 A.2d 1224, 1230 (Pa. Super. 2006). To request a bill of particulars, a defendant must specify the information sought and explain why it is being requested. Pa.R.Crim.P. 572.

Myatt fails to specify what information counsel should have requested in the bill of particulars, how this information would have assisted his defense, or how the absence of this information prejudiced him. Nor does Myatt explain what discovery counsel should have demanded or how the absence of discovery prejudiced him. Courts do not presume prejudice from the absence of discovery. ***Commonwealth v. Manhart***, 503 A.2d 986, 990 (Pa. Super. 1986) (defendant must show prejudice arising from counsel's failure to request discovery).

Finally, Myatt argues that the cumulative effect of the foregoing errors entitles him to relief[14] and adds a boilerplate claim of global ineffective assistance[15]. Since we conclude that there were no errors, these claims fail.

Order denying PCRA relief affirmed.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

[13] Pa.R.A.P. 1925(b) Statement, Issue 11; Brief For Appellant, p. 9.
[14] Pa.R.A.P. 1925(b) Statement, Issue 8; Brief For Appellant, p. 8.
[15] Pa.R.A.P. 1925(b) Statement, Issue 9; Brief For Appellant, p. 8.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/2014</u>